In the Matter of JOHN E. SILSON, Petitioner, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Supreme Court, Special Term, Albany County, July 12, 1954.

*Bernard Jaffe* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Edward L. Ryan* of counsel), for respondents.

MacAffer, J.  This is an application under article 78 of the Civil Practice Act for an order " commanding the New York State Employees' Retirement System and J. Raymond McGovern, State Comptroller, as the Administrative Head of the New York State Employees' Retirement System, to accept, process and approve Petitioner's application for an Accidental Disability Retirement Allowance under the terms of Section 79 of the Civil Service Law, and to pay to Petitioner the said allowance due to him pursuant to subdivision e of Section 79 of the said Law."

The respondents have filed objections in point of law challenging the sufficiency of the petition on its face.  The allegations of the petition, which this court must accept as true on the respondents' motion, establish the following facts:  On January 20, 1947, the petitioner became an employee of the State of New York and a member of the New York State Retirement System.  On August 31, 1950, he was employed as senior industrial hygiene physician in the division of industrial hygiene and safety standards of the Department of Labor.  On that date the petitioner, while under age sixty, became and still is physically incapacitated for the performance of duty as an employee of and in the service of the State of New York as the natural and proximate result of an accident not caused by his own willful negligence, sustained in such service and while actually a member of the retirement system.

The petitioner, though unable to work, continued to receive his full pay under the Civil Service Law and the rules and regulations adopted in accordance therewith until April 26, 1951.  Thereafter he received $32 a week as workmen's com-

pensation benefits until August 12, 1953, on which date such payments ceased and the moneys received on account of such benefits were repaid from the proceeds of a judgment collected from the City of New York in a third-party action. The petitioner has continued to be a member of the aforesaid retirement system.

On January 13, 1954, the petitioner applied by letter for accidental disability retirement allowance pursuant to section 79 of the Civil Service Law. On January 16, 1954, the petitioner was advised that he was not eligible to apply for accidental disability retirement allowance for the reason that the petitioner was not in service on the date on which he applied, having ceased to be in State service April 26, 1951.

The respondents contend that the provisions of section 79 of the Civil Service Law must be so interpreted as to limit the time for making such application to the period when the petitioner was actually in the service of the State. They argue that since petitioner received no pay after April 26, 1951, he was on and after that date no longer in the service of the State. They argue further that the petitioner might have applied for leave without pay (Civil Service Law, § 60, subd. i, par. 1, cl. [b]), and if granted had his time in service extended to March 26, 1952. The respondents urge that March 26, 1952, was the last date upon which the petitioner could possibly have been eligible to file his application for benefits under section 79 of the Civil Service Law.

The court is unable to agree with that contention. To so hold would place a limitation on such application which is not specifically provided in the statute. A reading of the whole statute leads to the conclusion that it was the intent of the Legislature to provide an accidental disability retirement allowance for employees who are members of the retirement system and who may become incapacitated by reason of an accident suffered in the course of employment and not caused by the employee's willful negligence.

The provisions of the statute should therefore be given their natural meaning and no effort should be made to interpret the words employed in such a manner as to restrict the purpose of the statute or to deny the benefits thereof to those entitled to participate.

To adopt the interpretation urged by the respondents would be to impose a requirement which might in some instances deny the benefits to an employee through no fault or failure on his part. If it should be determined that the application must be

made while the employee is in service, an employee who might be able to qualify in every other respect might not be in a position to apply before the termination of his service. An employee might be injured on the last day of his pay period and never again be able to return to work. If he had no sick leave to his credit and was not granted a leave of absence, either with or without pay, he would not, according to the contention of the respondents, ever again be in service. If he failed therefore to make application in this instance on the date of the accident he would be forever barred from the benefits of this section.

This court cannot subscribe to such an interpretation of the statute. If the Legislature had intended to provide a limitation of time within which the injured employee should be required to apply for such disability benefits, the Legislature would have expressly stated such limitation and undoubtedly would have provided a reasonable time following the date of the accident within which the application would be required to be filed. The section provides no such limitation and this court cannot read into the statute provisions which it does not contain.

In the court's opinion a reasonable construction of the statute is that the words " in service " were intended to require that the injured employee must be in service at the time he suffered the injury but do not require that the injured employee must be in service at the time he makes application for disability benefits.

The objections in point of law are therefore dismissed and the application to dismiss the petition is denied, without costs. The respondents are granted fifteen days from the date of service of a copy of the order hereon in which to serve an answer to the petition and the petitioner is given seven days within which to reply thereto.

Submit order.