In the Matter of JOHN E. SILSON, Petitioner, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Supreme Court, Special Term, Albany County, October 18, 1954.

*Bernard Jaffe* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Edward L. Ryan* of counsel), for respondents.

MacAffer, J. This application originally came on to be heard at the above Special Term, at which time the respondents filed objections in point of law praying for an order dismissing the petition as a matter of law. This court, in a decision handed down July 12, 1954, dismissed such objections in point of law and granted respondents an opportunity to serve and file an answer herein and granted petitioner an opportunity to serve and file a reply thereto. The respondents have served an answer, to which the petitioners have served a reply.

Reference is hereby made to this court's decision of July 12, 1954, for a recital of the nature of this application, the basic facts involved and the relief sought herein.

The respondents, in their answer, among other things, deny any knowledge or information of the allegations of the petition which set forth the circumstances of the petitioner's accident, the personal injuries resulting therefrom and the disability claimed by the petitioner. The petitioner, in his reply with respect to this first affirmative defense of the respondents, sets forth that the issue raised by such defense has been determined by this court in passing upon the respondents' objections in point of law adversely to the respondents. This court sustains the petitioner's contention thus raised with respect to the first affirmative defense of the respondents.

As a first affirmative partial defense the respondents contend that under the provisions of section 73 of the Civil Service Law the respondent, McGovern, as State Comptroller, has exclusive authority to determine the petitioner's application for an accidental disability retirement allowance, to examine into the facts of such application and that this court is without jurisdiction to determine petitioner's application for such allowance of benefits, to examine into the facts thereof and/or to direct said respondent to approve the same and pay to petitioner such allowance. The petitioner's reply contains a denial of the allegations of this partial defense and sets forth affirmative allegations, the gist of which is that the respondents are precluded from further consideration of the petitioner's claim and

that they are estopped from raising new and additional objections to the approval of the application and the payment of the claim. This court cannot agree with these contentions of the petitioner.

This court is of the opinion that the first affirmative partial defense of the respondents is well taken. Under the provisions of said section 73 of the Civil Service Law the hearing and determination of petitioner's application is vested exclusively in the Comptroller. This court is without jurisdiction to hear and determine the same in the first instance. That is the function of the Comptroller. The statute specifically provides that only the final determination of the Comptroller is subject to review in this court, as provided in article 78 of the Civil Practice Act. (Civil Service Law, § 73, subd. d.)

However, the Comptroller has refused to receive and process and to hear and determine petitioner's application, on the grounds noted in this court's decision of July 12, 1954, and which grounds this court has determined to be invalid.

It is the duty of the Comptroller to receive and process petitioner's application and to hear and determine the same. This court, therefore, has determined to grant petitioner's application, without costs, to the extent only of directing the Comptroller to receive and process petitioner's application and to hear and determine the same.

Submit order.