Vincent A. Lupiano, J.
Petitioner seeks an order pursuant to article 78 of the Civil Practice Act requiring the New York City Employees’ Retirement System to rescind the resolution of January 10, 1957, retiring the petitioner under Option 2 of the New York City Employees’ Retirement Law with allowances figured for the period from September 8,1937 to October 1,1956 and requiring the said Retirement System to retire the petitioner under Option 1 of the said Retirement Law with her allowances .figured from August, 1936 to October 1,1956.
The following facts are not disputed: The petitioner was appointed originally, as a second grade clerk in the Department of Education in August, 1936. Subsequently, and on March 8, 1937, she was transferred to and appointed as a clerk in the Department of Health of the City of New York, where she continued to be employed until her retirement on October 1, 1956.
In order to obtain the benefit of retirement allowances after having joined the New York City Employees’ Retirement System, she consented to deductions from her salary for the period from August, 1936, and for contributions to the fund from the time she joined it, together with additional contributions so that she would be eligible to retire at age 55. She became 55 years of age on April 14,1956.
*755 Petitioner duly made an application for her retirement allowances, setting forth as required under the New York City Administrative Code, that such retirement was based upon Option No. 2 and named her sister, Gertrude Chartoff, as her beneficiary. However, before the Retirement System or the Board of Estimate had acted, her sister, the beneficiary herein, died. When this came to pass and again before the said system or board had acted, and, of course, before any payment of benefits, petitioner duly notified the system of the death of her sister and of her election to cancel the former option request (Option No. 2) and her new request for allowances under Option 1.
The secretary of the Retirement System notified her that since her original request was for benefits under Option 2, that no change would be allowed and it would be presented to the Board of Estimate as an Option 2 retirement.
Petitioner, calling the secretary’s attention to the statute that permitted a change of option until the time that benefits were paid, and further telling her that no action had been taken by the Board of Estimate, again demanded that the option be changed to Option 1. Again, no payments made or action by the board, petitioner was notified that her selection of Option No. 2 was irrevocable.
On January 10,1957 the Board of Estimate adopted a resolution retiring the petitioner under Option 2, setting the period for allowances from September 8, 1937, instead of from August, 1936, the initial period of petitioner’s employment in city service, with the notation that the amount of the allowance was to be determined subsequently by the actuary. Up to the present time there has been no payment thereof.
It appears that the sole controversy involved herein is the construction of section B3-46.0 of the Administrative Code of the City of New York which bears the caption “Retirement; options in which retirement allowances may be taken”. The applicable portion of said section reads as follows:
“ B3-46.0 Retirement; options in which retirement allowances maybe taken. —Until the first payment on account of any benefit is made, the beneficiary * * * may elect to receive such benefit in a retirement allowance payable throughout life, or the beneficiary * * * may then elect to receive the actuarial equivalent at that time of his annuity, his pension, or his retirement allowance in a lesser annuity or a lesser pension or a lesser retirement allowance, payable throughout life with the provision that:
“ Option 1. If he die before he has received in payments the present value of his annuity, Ms pension, or his retirement *756 allowance, as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person as the beneficiary * * * has nominated or shall nominate by written designation duly acknowledged and filed with the board.
“ Option 2. Upon his death, his annuity, his pension, Or his retirement allowance, shall be continued throughout the life of and paid to such person as the beneficiary, * * * has nominated or shall nominate by written designation duly acknowledged and filed with the board at the time of his retirement
The petitioner contends that the statute permits of a change of option until first payment of benefit. The respondents maintain that, in accordance with the practice in administering the Retirement Law for more than 35 years, (1) that after the effective date of retirement (Oct. 1, 1956 in the case at bar) the petitioner can make but one selection of optional benefit; that upon the filing of such self-executing selection of Option 2 (Dec. 4, 1956 in the instant case) the rights and obligations of all parties became fixed, final and binding, effective as of the date of petitioner’s retirement — October 1, 1956; and that the contract obligation thus ensuing by the act of the petitioner could not be cancelled or changed either by the Retirement System or by the petitioner.
The language of section B3-46.0 is clear and unambiguous. This section expressly provides that the period of time within which selection may be made is “ Until the first payment on account of any benefit is made ”. In refusing to recognize and permit petitioner’s revocation of the selection of Option 2 and her new selection of Option 1, the respondents acted contrary to the provisions of the statute in which there is no ambiguity (Kruger v New York City Employees’ Retirement System, 8 Misc. 2d 1051). Petitioner is entitled to have her retirement allowance computed from August, 1936. Application is in all respects granted.
Settle order.