In the Matter of Isaiah O. Zucker, as Administrator of the Estate of Milton M. Wecht, Deceased, Respondent, *v.* New York City Employees' Retirement System et al., Appellants.

First Department, March 2, 1967.

*Eric J. Byrne* of counsel (*Seymour B. Quel* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellants.

*Louis E. Fishbach* of counsel (*Isaiah O. Zucker* with him on the brief; *Wecht, Zucker & Travia,* attorneys), for respondent.

STEVENS, J.   This is an appeal from a judgment entered March 28, 1966, which granted petitioner's application and adjudged, *inter alia,* that the estate of decedent is entitled to a retirement allowance under Option 1 of section B3–46.0 of the Administrative Code of the City of New York, by reason of the provisions of section B3–56.0 of said code.

The question involves the benefits to which decedent's estate is entitled by reason of decedent's death, and which option is applicable.

Decedent, Milton M. Wecht, was born December 3, 1894, and died April 10, 1965.   During his lifetime and for more than 28 years decedent served as a Judge in various courts in the City of New York, and during such period was a member of the New York City Employees' Retirement System.

October 13, 1964, decedent filed with respondents an application for service retirement to take effect January 1, 1965.   On or about December 8, 1964, decedent filed with respondents a '' Selection of Benefits Under Option Four '' in which he requested '' that the reserve on the retirement allowance, payable to me   *   *   *   under the provisions of the Administrative Code, be used as provided in Option 4 of section B3–46.0 thereof, in providing for me a lesser retirement allowance, payable throughout my life, with the provision that at the time of my death a lump sum of fifty thousand dollars ($50,000.00) shall be paid to my Estate.''   The selection of benefits form bore the notation '' this selection of option cannot be changed on or after the effective retirement date.''

December 17, 1964, respondent Board of Estimate by resolution retired decedent from city service, effective January 1, 1965, '' subject to subsequent determination and fixation of amount of retirement allowance ''.   Decedent did retire January 1, 1965. April 22, 1965, the Board of Estimate approved payment of

installments of the retirement allowances and awarded the lesser annual retirement allowance requested by decedent under Option 4. Decedent, however, died April 10, 1965. Prior to his death he had received a total of $3,545.79 in retirement allowance payments.

June 14, 1965, petitioner filed with respondents an amended statement on behalf of the estate in which petitioner demanded payment of retirement benefits under Option 1 of section B3–46.0 of the Administrative Code. Petitioner claimed to be so entitled by reason of section B3–56.0 of the code. Petitioner contended also that decedent's request for payment under Option 4 was an offer which was automatically terminated by his death on April 10, 1965, prior to acceptance by the Board of Estimate on April 22, 1965. Respondents rejected the claim September 14, 1965, and advised the claim would be processed pursuant to section B3–32.0 of the Administrative Code, "ordinary death benefits", under which decedent's estate would be entitled to $104,803.35.

The sections of the Administrative Code involved are hereinafter set forth.

" § B3–46.0. Retirement; options in which retirement allowances may be taken.— Until the first payment on account of any benefits is made, the beneficiary * * * may elect to receive such benefit in a retirement allowance payable throughout life, or the beneficiary or the husband or wife or committee so electing may then elect to receive the actuarial equivalent at that time of his annuity, his pension, or his retirement allowance in a lesser annuity or a lesser pension or a lesser retirement allowance, payable throughout life with the provision that:

" Option 1. a. If he die before he has received in payments the present value of his annuity, his pension, or his retirement allowance, as it was at the time of his retirement, the balance shall be paid, in the form of a lump sum or the actuarial equivalent in the form of an annuity, to his legal representatives or to such person as the beneficiary, or the husband or wife or committee so electing, has nominated or shall nominate by written designation duly acknowledged and filed with the board.

" b. A retired member, or upon the death of a retired member, the person nominated by him as his beneficiary, may provide by written designation duly executed and filed with such board that the actuarial equivalent of a benefit otherwise payable in a lump sum shall be paid to the person designated in the form of an annuity payable in installments not more than once a month. [Option 1 as amd. by L. 1962, ch. 945, eff. July 1.] * * *

"Option 4. Upon his death, some other benefit or benefits shall be paid to such other person or persons as the beneficiary, or the husband or wife or committee so electing, has nominated or shall nominate, provided such other benefit or benefits, together with such lesser annuity, or lesser pension, or lesser retirement allowance, shall be certified by the actuary of the board to be of equivalent actuarial value to his annuity, his pension or his retirement allowance, and shall be approved by such board."

Section B3-56.0 deals with the retirement of Justices of the various courts, including the courts of which decedent was a member and the officers or employees of such courts who die while in service after becoming eligible for retirement. It provides in pertinent part: "Notwithstanding other provisions of this code, any rules or regulations adopted by the board, or any provisions of law to the contrary, a member * * * who is eligible for retirement by reason of service and/or superannuation, may execute and file with such board a written application for retirement in the form required for such application, electing an option or options in accordance with section B3-46.0 but requesting that such retirement under said option or options shall become effective on the day immediately preceding his death. The application shall be held by such board until the member shall file a later application for retirement, or his retirement in pursuance of section B3-38.0 shall become effective, or until his death, whichever of such events shall first occur; and in the event of such member's death while such application shall continue to be so held by such board, his said retirement shall become effective with the same benefits to the designated beneficiary as if such member had retired and had become entitled to retirement allowance on the day immediately preceding his death." This section also provides that in the event a member dies while in service before filing such an application or who, having filed such application for retirement in the required form, dies on or after the effective date of his retirement but before becoming entitled to retirement allowance, he shall nevertheless be deemed to have been retired and to have become entitled to a retirement allowance effective on the day immediately preceding his death. "If he had not indicated his election of an option under which he desired to be retired, he shall be considered as having elected to retire under the option designated as option one of section B3-46.0 of this code."

Section B3-32.0 entitled "Death benefits; ordinary death benefits" provides for payment of such benefits to the estate

or designated beneficiary of a member or former member of the system upon the death of such member or former member. The section describes the calculation and composition of such benefits. It declares: "(b) Until the first payment has been made on account of a retirement benefit without optional selection of a member, such member shall be construed by such board to have been in city-service and the benefits provided in this section shall be paid in lieu of the retirement allowance."

It is noted that the subdivision of section B3–32.0 above quoted, and section B3–46.0 both refer to the first payment of benefits as, in effect, the cut-off date for further change. Section B3–56.0, insofar as here pertinent, refers to death after the effective date of retirement but before becoming *entitled* to retirement allowance (emphasis supplied). Under such circumstance, if the member has not indicated his election of an option he is considered as having elected to retire under Option 1 of section B3–46.0.

Section B3–56.0 does not entitle petitioner to the benefits of retirement under Option 1 for two reasons: (1) the member had selected an option, Option 4, and (2) not only had the member become entitled to an allowance, he had actually received retirement allowance payments prior to his death. Decedent's annual retirement allowance under Option 4 amounted to $14,183.25. Such amount included a regular annual annuity of $11,251.20 plus a lesser annual pension of $2,932.05. The sum of $3,545.79 received by decedent comprised three payments of sums, the exact equivalent of three monthly payments calculated under Option 4.

Though reference has been made only to Options 1 and 4 under section B3–46.0 of the Administrative Code, such section actually contains four options. Option 1 has already been set forth. Option 2 provides for a continuance of payment of the member's retirement allowance throughout the life of the designated beneficiary. Option 3, like Option 2, provides for continued payments but at a rate of one half the retirement allowance paid to the member. Only Option 4 allows the member to choose some other benefit or to designate a flat sum to be paid to a designated beneficiary after the member's death. The member, by so electing, elects also to receive a lesser annuity, pension or retirement allowance. The only provision with respect thereto which in any way might be considered a limitation is that the benefits chosen together with the lesser retirement allowance shall be certified by the board's actuary to be of equivalent actuarial value to his annuity, pension or retirement allowance and shall be approved by the board. The

two together must not exceed the equivalent actuarial value of the member's retirement allowance. In other words a formula is calculated within statutory confines.

Prior to the enactment of section B3–56.0, the options under section B3–46.0 were available only after a member's retirement. If the member died in service before or after becoming eligible for retirement he received only the ordinary death benefits as prescribed in section B3–32.0 of the code. The difference between the ordinary death benefit and the retirement allowance the member would receive upon actually retiring is better understood by a comparison of section B3–42.0, which describes how a retirement allowance is calculated and of what it shall consist, and section B3–32.0 which performs a similar function in respect to ordinary death benefits.

Section B3–56.0 sought to limit the risks for a prescribed class of persons, of which decedent was one, by creating a presumption that any member who dies in service after becoming eligible for retirement retired on the day preceding his death. Under such section the member eligible for retirement who continues in service may file an application and select an option under section B3–46.0, and such option becomes effective if the member dies before retirement. If the member does not avail himself of the privilege and dies in service after becoming eligible to retire, the statute creates a presumption that such member elected Option 1 of section B3–46.0. As noted, the presumption cannot apply in this case because the member did select an option — Option 4.

The three payments of $1,181.93 to decedent were payments authorized by a resolution of the Board of Estimate, dated July 24, 1958. The 1958 resolution is referred to in the board's resolution of April 30, 1965, approving Option 4 for decedent. The 1958 resolution states: " Resolved, That the Comptroller, as custodian of the funds of the New York City Employees' Retirement System, be and hereby is authorized to pay from the funds of said system, the retirement allowances, as certified by the Secretary and Acting Actuary, to the members of the New York City Employees' Retirement System who have been retired by the Board of Estimate upon voucher certified by the Secretary and Acting Senior Accountant, subject to subsequent detailed report to the Board of Estimate."

While Option 4, unlike Options 1, 2 and 3, requires actuarial certification and board approval, the reason is obvious. Options 1, 2 and 3 are defined and set forth clearly, while Option 4 depends upon the " other benefit " selected by the member. Approval of Option 4 should follow, when as here, the lump sum

and retirement allowance do not exceed the total retirement allowance. In recognition of that fact, payments were being made prior to April 30, 1965.

Decedent filed an application for retirement, died after the effective date, and had already become entitled to a retirement allowance upon retirement (Administrative Code, § B3–42.0; cf. *Matter of Eberle* v. *La Guardia*, 285 N. Y. 247). Decedent was receiving moneys which could only be characterized as a retirement allowance for the record is barren of evidence of any other obligation owed decedent by respondents. Until the first payment " *on account of any benefits* " was made decedent under section B3–46.0 could change his option, but not thereafter (see *Matter of Jaslow* v. *New York City Employees' Retirement System*, 9 Misc 2d 754). Compare *Matter of Wank* v. *Board of Estimate of City of N. Y.* (N. Y. L. J., March 23, 1954, p. 7, col. 1) where no payment had been made to the member prior to his death. It was there held that there had been no effective election.

It has also been held that an election to be effective must be communicated to the retirement system during a member's lifetime (*Marcus* v. *New York City Employees' Retirement System*, 247 App. Div. 111, mot. for lv. to app. den. 271 N. Y. 664). There is no question here that decedent's election was communicated to respondents.

Petitioner urges if it be held decedent's estate is not entitled by reason of section B3–56.0 to the benefits of Option 1 of section B3–46.0, then the ordinary death benefit provisions of section B3–32.0 should apply because the estate, having been informed by the Secretary of the Retirement System that in the opinion of the Corporation Counsel the claim should be processed under section B3–32.0, respondents should be estopped to deny the applicability of the section. It now appears that advice as to the applicability of section B3–32.0 was erroneous. However, petitioner did not rely thereon for he instituted this action. Moreover, such error cannot bind respondents (*City of New York* v. *Wilson & Co.*, 278 N. Y. 86; *New York City Employees' Retirement System* v. *Eliot*, 267 N. Y. 193).

The judgment appealed from should be reversed on the law and the petition dismissed, without costs to any party.

BOTEIN, P. J., STEUER, TILZER and RABIN, JJ., concur.

Judgment unanimously reversed, on the law, without costs and without disbursements to any party, and the petition dismissed.