John T. Casey, J.
The facts are not disputed. In August, 1967 the petitioner filed an application for retirement to become effective October 1, 1967 with the respondent Retirement System, and on September 29, 1967 filed an election of “ Option One ’ ’ as his preferred plan of retirement benefits. By letter dated November 3, 1967 the respondent system advised the petitioner that his retirement had been approved effective October 1, 1967, and simultaneously mailed him a check for his first monthly retirement allowance. By letter dated November 1, 1967 (received by respondents November 3, 1967) the petitioner requested the ‘ ‘ necessary papers for execution in connection with Option No. 3 ” be sent him.
The respondent iComptroller denied the request for change of option by letter dated November 21, 1967 and the petitioner thereupon requested and was granted a hearing on January 16, 1968. By final determination dated October 15, 1968 the State Comptroller disapproved the petitioner’s application for change of option finding it was not timely requested.
The sole reason that such change is sought is that an estate planner with whom the petitioner consulted recommended Option No. 3 as preferable to Option No. 1 in the petitioner’s circumstances. The petitioner’s situation has not been altered since he made his election.
While a hearing was held and a determination made, and although the respondents state no objection to a transfer of this proceeding to the Appellate Division, this is not a question of substantial evidence sufficient to support the respondent’s determination, but rather whether or not the respondents could have made any other determination as a matter of law, or whether the determination made was affected by an error of law or was arbitrary and capricious and an abuse of discretion. Therefore, the proceeding must be determined by Special Term.
Subdivision b of section 90 of the Retirement and Social Security Law provides that “ any such election [of options] may be made at any time before the first payment on account of any benefit becomes normally due ” and the second paragraph of subdivision b provides that “ an election of an option may be withdrawn or a new option may be chosen within the period provided in this subdivision b for the making of such an election ’ ’.
Read together, therefore, the pertinent provisions of law become “ an election of an option may be withdrawn or a new *529 option may be chosen at any time before the first payment on account of any benefit becomes normally due.” (Italics added.)
It was found at the hearing that the first benefit payable to the applicant by reason of his retirement became normally due on November 1, 1967. The Comptroller claims the date is October 31, 1967. In either event the date that the petitioner’s letter bears is November 1,1967, so it was not “ before ” the first payment became normally due as required by the statute. Therefore, the petitioner’s right to change his option was too late. It is noted that under the New York City Employees’ Retirement System, which provides ‘ 1 until the first payment on account of any benefit is made ” (Administrative Code of City of New York, § B3-46.0; emphasis supplied) changes in options might be accomplished and a petitioner allowed to rescind an election made before payment of any benefits (Matter of Jaslow, 9 Misc 2d 754) but not permitted to change such election of retirement benefits after receipt of his first payment of benefits. (Matter of Zucker v. New York City Employees’ Retirement System, 27 A D 2d 207, affd. 21 N Y 2d 904.) The determination of the 'Comptroller here that petitioner’s application for change of option was not timely made, is not arbitrary or capricious; no other determination could have been made as a matter of law and the determination made- was not affected with an error of law.
The petitioner argues additionally that since the literature submitted to him by the Comptroller did not advise him of the period within which to change his option as provided in subdivision b of section 90 but rather advised him that he must make his determination at the time of retirement, the Comptroller should now be estopped from denying the petitioner’s request. Such argument was advanced in Matter of Zucker v. New York City Employees’ Retirement System (supra), wherein it was held that an error by the Corporation Counsel could not bind the respondent City of New York, citing New York City Employees’ Retirement System v. Eliot (267 N. Y. 193) to the effect that no officer of a municipality has power to impose liability upon city hy estoppel. The literature that was submitted was replete with warnings that the selection of an option is irrevocable.
As to subdivision bb of section 90 providing that the State Comptroller ‘ ‘ for reasonable cause, shall have power to extend the time for the election of an option, for a period or periods which shall expire not later than sixty days immediately after the effective date of a member’s retirement ’ ’ such section pro *530 vides for allowing additional time before the election of an option, not for the withdrawal of a previous election.
The petitioner did not timely withdraw his election of “ Option One ” which he had filed with the Retirement System on September 29, 1967 nor did he choose a new option on or before October 31, 1967.
Therefore, the petition is dismissed.