In the Matter of CHARLES W. CLARK, Petitioner, v. ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.

Third Department, December 29, 1970.

*Cahn, Cahn & Thompson* (*Richard C. Cahn* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Alan W. Rubenstein* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which disapproved petitioner's application for ordinary disability retirement benefits.

Petitioner, a male nurse with over 20 years' service in the State Department of Mental Hygiene, submitted a letter of resignation effective February 14, 1954 in response to charges that he was absent from work without leave or notification. A memorandum in the file of the Kings Park State Hospital where petitioner was employed indicated that no further disciplinary measures were to be pursued in light of the emotional disturbance from which he was suffering. Petitioner's "resignation was accepted to allow him to obtain necessary treatment, rest, and reorientation", and it was further noted " when he is physically and emotionally able, he can apply for reinstatement which will be granted to him ". On November 7, 1954, petitioner was committed to Central Islip State Hospital and a committee was appointed in his behalf.

On February 27, 1959 petitioner filed an application with the New York State Employees' Retirement System for ordinary disability retirement on the grounds that he was disabled for the performance of his duties by reason of mental incapacity. After a series of hearings, the application was rejected by respondent who failed to reach the question of whether the petitioner was mentally incapacitated for the performance of his duties, but found that petitioner's right to apply for an ordinary disability retirement benefit under section 62 of the Retirement and Social Security Law ceased when he resigned effective February 14, 1954. This conclusion was premised on the ground that since petitioner was not " in service " at the time his application was filed on February 27, 1959, he was therefore no longer entitled to a disability retirement.

Reference to section 62 was improper since petitioner's rights were covered by subdivision a of section 78 of the Civil Service

Law which was in effect at the time of his resignation and must therefore be deemed controlling. Section 62 of the Retirement and Social Security Law did not take effect until July 1, 1956. Subdivision a of section 78 provided for the filing of an " application for an ordinary disability retirement allowance for a *member in service*" (emphasis added).

Respondent contends that the 1956 amendment to the ordinary disability retirement law (Retirement and Social Security Law, § 62) did not change the meaning or intent of the law as it existed prior to the amendment. Petitioner argues that the former law, covering ordinary disability retirement (Civil Service Law, § 78, subd. a), should be interpreted in the same manner as was section 79 of the Civil Service Law which covered accidental disability benefits. Both subdivision a of section 78 and section 79 of the Civil Service Law contained identical language. In *Silson* v. *New York State Employees' Retirement System* (208 Misc. 62, affd. 286 App. Div. 936) the Supreme Court held that the construction of section 79 which was urged by the respondent therein, that the application must be made while the employee is in service, was not reasonable. "A reasonable construction of the statute is that the words 'in service' were intended to require that the injured employee must be in service at the time he suffered the injury but do not require that the injured employee must be in service at the time he makes application for disability benefits." (*Silson* v. *New York State Employees' Retirement System, supra,* p. 62.)

As a direct result of the *Silson* case, section 79 was amended by the Legislature and became section 63 of the Retirement and Social Security Law. At the same time, subdivision a of section 78 was amended and became section 62.

The interpretation given to section 79 by the court in *Silson* (*supra*) was reasonable and should apply to subdivision a of section 78. In our view, the words " in service " were intended to require that the disabled employee must be " in service " at the time he became disabled, and not at the time he made application for disability benefits.

Following his resignation in 1954, petitioner was confined to a mental institution as an adjudicated incompetent for three years. The filing of his application occurred within two years after his discharge, which was a reasonable time thereafter. We note also that respondent informed petitioner's attorney on two occasions after his retirement that he was still eligible to apply for ordinary retirement benefits. Petitioner complied with respondent's letter of November 25, 1958, that he had until March 1, 1959 to file an application.

Accordingly, the matter must be remitted to the Comptroller for a determination upon the merits of the application, and a further hearing, if the Comptroller be so advised.

The determination should be reversed, with costs, and matter remitted to the Comptroller for further proceedings not inconsistent herewith.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and SWEENEY, JJ., concur.

Determination reversed, with costs, and matter remitted to the Comptroller for further proceedings not inconsistent herewith.