Jasen, J.
(dissenting). I would affirm the order of the Appellate Division.
The two-year time limitation on the filing of disability retirement applications was added to section 79 of the Civil Service Law (the predecessor of Retirement and Social Security Law, § 63) by chapter 926 of the Laws of 1956. This amendment was the direct result of the decision in Matter of Silson v. New York State Employees’ Retirement System (208 Misc. 59, affd. without opn. 286 App. Div. 936).
In Matter of Silson, the employee sustained an injury in the course of his employment on August 31, 1950, which rendered him unable to continue work. Utilizing accrued leave credits, he continued in full pay status until April 26,1951. Thereafter, he received workmen’s compensation benefits until August 12, 1953, on which date such payments ceased and the moneys . received on account of such benefits were repaid from the proceeds of a judgment collected from the City of New York in a third-party action. On January 13, 1954, nearly three and one-half years following his disability, he applied for accidental disability retirement. His application was disapproved ón tile ground that he had not been “ actually in * * * service ” since April 26, 1951. In a proceeding he commenced pursuant to article 78 of the former Civil Practice Act to compel the. acceptance of his application, Special Term, in granting his petition, held that the statute contained no express time limit on such applications and that the phrase “ actually in * * * service ” related to the date of the injury, not the date of application. In so holding, Justice McAfeeb stated: “ If the Legislature had intended to provide a limitation of time within which the injured employee should be required to apply for such disability benefits, the Legislature would have expressly stated such limitation and undoubtedly would have provided a reasonable time following the date of the accident within which the application would be required to be filed.” (208 Misc., at p. 62.)
Thereafter, the Legislature amended subdivision a of section 63 of the Retirement and Social Security Law, expressly impos *598 ing a time limitation of two years “ after the member is first discontinued from service The clear purpose wás to protegí the retirement system from stale claims,* and against the back ground of Matter of Silson, the logical conclusion is that the Legislature intended to tie this time limitation to the occurrence " of a disabling injury.
Likewise, ill my opinion the reliance upon the provisions of the Civil Service Law cited by Justice Kane dissenting below (42 A D 2d 879, 881) is misplaced. Subdivision 3 of section 52 of the Civil Service Law states in essence that a leave of absence-will not affect an employee’s eligibility for promotion. Subdivision 2 of section 80 provides that a leave of absence is not to be considered an interruption of continuous service for purposes of establishing seniority rights where an abolition or reduction of positions takes place. Section 130 (subd. 3,. par, [e]) declares that an employee who has had a leave of absence at some time shall be deemed to have been in continuous service for purposes of calculation of salary. It is apparent that these provisions have as their goal the protection of an employee who, having been on a leave of absence, has returned or desires'-to return to work. The time limitation of section 63 of the Retirement and Social Security Law has as its purpose not the protection of the employee, but the protection of the retirement system. Its sole purpose is to bar stale claims such as the application that was permitted in Matter of Silson (supra). One can envision a situation where an employee, although returning to work for short periods of time, is given extended leaves of absehcé -(- based on his work-related injury out of compassion felt for him by his supervisors. Several years later this person could seek disability retirement relating back to the original injury, creating significant problems of medical proof and the like.
Accordingly, I would hold that the two-year time limitation on applications for disability retirement contained in subdivision a of section 63 of the Retirement and Social Security Law begins to run from the date an employee ceases to be continued in full pay status, and not from the date his leave of absence terminates.
*599 Judges Gabbielli, Jones, "Wachtleb, Rabin and Stevens concur in memorandum; Judge Jasen dissents and votes to affirm in a separate opinion in which Chief Judge Bbeitel concurs.
Order reversed, etc.

 Cf. Memorandum of Civil Service Employees Association in support of this amendment, 1956 N. Y. State Legis. Annual 71, 72.