■ GLADYS McGEE, Respondent, v NEW YORK CITY EMPLOYEES RETIREMENT SYSTEM, Appellant.—Order, Supreme Court, New York County, entered November 27, 1974, denying defendant's motion for summary judgment, unanimously reversed, on the law, and summary judgment granted, without costs or disbursements. Joseph Skinner was employed by the Department of Sanitation of the City of New York and was a member of the New York City Retirement System. He named his sister, Gladys McGee, as his beneficiary of any death benefits which might become due. The application form provided that if a member obtained the maximum retirement allowance there would be no death benefits. The application forms are replete with notices of the effect of accepting maximum benefits or opting for other plans. The retiree concededly applied for maximum benefits. He retired on July 30, 1971, receiving monthly advance payment checks and, beginning with a "first payment" retirement check on May 3, 1972, he received a total of eight retirement checks computed for maximum allowance. He died on December 29, 1972. This action was brought by McGee for recovery of death benefits on the theory that her brother was not given notice of his choice of options. The law is clear that exercise of an option other than the maximum retirement allowance must be made prior to receipt of the "first payment" check, and failure to exercise any option is deemed to be an option for maximum allowance (Administrative Code of the City of New York, §§ B3-36.0, B3-46.0). The acknowledged receipt of the

"first payment" check (as well as seven subsequent retirement checks) foreclosed election of any optional benefits *(Matter of Zucker v New York City Employees' Retirement System,* 27 AD2d 207, affd 21 NY2d 904), and we have granted summary judgment accordingly. Concur—Kupferman, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.