### (December 11, 1980)

■ In the Matter of THOMAS WILSON, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered October 17, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination by respondent which disapproved petitioner's application for ordinary disability retirement benefits. Petitioner was employed as an equipment operator by the Town of Kendall Highway Department from 1953 until August 11, 1974. While at home in December of 1971, petitioner fell and sustained a fractured hip. This injury and its debilitating residual effects ultimately caused the termination of his employment in August of 1974. On March 16, 1976 petitioner applied to respondent for an ordinary disability retirement allowance, but his application was disapproved after a hearing on the ground he was not actually in service at the time the application was filed (Retirement and Social Security Law, § 62). The pertinent statute, in applicable part, reads as follows: "§ 62. Ordinary disability retirement * * * aa. At the time of the filing of an application pursuant to this section, the member must: 1. Have at least ten years of total service credit, and 2. Actually be in service upon which his membership is based". The plain language of the statute leaves no room for interpretation and petitioner's reliance upon *Matter of Clark v Levitt* (35 AD2d 404) is misplaced. Since the decision in *Clark* was founded upon the law as it existed before subdivision aa of section 62 of the Retirement and Social Security Law became effective, the court merely adhered to the rule previously established in *Matter of Silson v New York State Employees' Retirement System* (208 Misc 59, affd 286 App Div 936). Under the present statute, however, it is obvious that petitioner was not "in service" at the time his application was filed. Petitioner's assertion of a denial of equal protection is also unavailing. Although the law does permit those injured as a result of job-related accidents while "in service" to apply for accidental disability retirement benefits within two years after membership in the system is discontinued, the grant of such a two-year period in subdivision a of section 63 of the Retirement and Social Security Law does not create an unconstitutional classification. That section only applies to those who have become disabled by reason of accidents occurring in the course of their employment

and it is entirely reasonable for the State to differentiate between such employees and those governed by section 62 of the Retirement and Social Security Law who, like petitioner, have become incapacitated by factors unrelated to their work. Moreover, this difference in filing requirements is readily explained and justified by another feature of the statutory provisions. Ordinarily, applicants for accidental disability benefits must also establish that they notified respondent of their respective accidents within 90 days (see Retirement and Social Security Law, § 63, subd c), whereas belated applications for ordinary disability benefits might prevent respondent from determining whether the incapacity arose during a period of employment. The distinctions and the classifications are reasonable and must be upheld (see *Bukovsan v Board of Educ.*, 61 AD2d 685; *Matter of Cohen v Levitt*, 39 AD2d 141). Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.