In the Matter of JOAN O'NEIL, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.

Third Department, January 29, 1981

APPEARANCES OF COUNSEL

*Arthur F. McGinn, Jr., P. C.* for petitioner.

*Robert Abrams,* Attorney-General (*William J. Kogan, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Petitioner was employed as a file clerk for the Department of Labor and became a member of the New York State Employees' Retirement System on March 26, 1958. She

discontinued working on September 27, 1974 due to rheumatoid arthritis. On December 18, 1975, after repeated attempts to contact her by telephone and mail had failed, petitioner was advised by her employer that pursuant to the rules and regulations of the Department of Civil Service (4 NYCRR 5.3 [d]) she was deemed to have resigned as of September 27, 1974.

Petitioner filed an application for ordinary disability retirement benefits under section 62 of the Retirement and Social Security Law on June 28, 1977. The State Comptroller denied the application in a determination dated December 27, 1978, affirming the hearing officer's finding that petitioner was not in service at the time of her application. This proceeding ensued.

Preliminarily, we note that in order to be eligible to receive an ordinary disability pension, a member of the retirement system must actually be "in service" at the time the application is made (Retirement and Social Security Law, § 62, subd aa, par 2). Petitioner contends that she was still in service on June 28, 1977 because she was terminated pursuant to an invalid rule. Petitioner asserts that the Labor Department unlawfully determined that she had resigned as of September 27, 1974 because the authority under which it acted (4 NYCRR 5.3 [d]), was declared invalid in *Matter of Johnson v Director, Downstate Med. Center* (41 NY2d 1061).

Without reaching the issue of the retroactive effect of *Johnson (supra)*, we find, upon a review of the record, that petitioner never directly contested the propriety of the Labor Department's determination. The validity of the "deemed resignation" was first raised in the context of the hearing to redetermine her application for an ordinary disability pension, nearly three years after the "deemed resignation". No good excuse was offered for the long delay and, thus, laches would preclude petitioner from now asserting the invalidity of the Labor Department's determination (cf. *Austin v Board of Higher Educ. of City of N.Y.*, 5 NY2d 430, 442). Moreover, since the challenge to her resignation is time barred, the attempt to collaterally raise the issue in a CPLR article 78 proceeding to review the

Comptroller's decision denying her disability retirement benefits, is likewise time barred (cf. *Matter of McGirr v Division of Veterans Affairs, Executive Dept., State of N. Y.*, 43 NY2d 635, 639).

Accordingly, the determination of respondent State Comptroller that petitioner had resigned and was not "in service" is supported by substantial evidence on the record. We have considered petitioner's other arguments and find them without merit.

The determination should be confirmed, and the petition dismissed.

SWEENEY, KANE, MAIN and CASEY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.