■ In the Matter of MAX HAUSER, Appellant, v NEW YORK STATE COMPTROLLER et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered December 31, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Employees' Retirement System denying petitioner's request for a redetermination of his retirement status from service retirement to ordinary disability retirement. Petitioner, an employee of the New York State Department of Taxation and Finance and a member of the New York State Employees' Retirement System, filed an application for service retirement which was accepted effective May 7, 1974. Thereafter, petitioner requested that the status of his retirement be changed to ordinary disability, contending that he was disabled prior to his service retirement and that he had been misled by representatives of the retirement system. Petitioner's request was denied, and following a hearing the Comptroller determined that the request was properly denied. Petitioner commenced this article 78 proceeding to annul the determination and after respondent answered, Special Term dismissed the petition for failure to state a cause of action. Since petitioner was no longer actually in service when he sought ordinary disability retirement benefits, he was not eligible for such benefits (Retirement and Social Security Law, § 62, subd aa, par 2; *Matter of Wilson v Levitt,* 79 AD2d 742; *Matter of O'Neil v Regan,* 78 AD2d 478). We reject petitioner's claim that respondent should be estopped from denying his request for ordinary disability benefits, for the doctrine of estoppel cannot be used to render one eligible for retirement benefits where, by statute, he clearly does not qualify *(Matter of Nutt v New York State Employees' Retirement System,* 72 AD2d 898, 900; *Matter of Boudreau v Levitt,* 67 AD2d 1053, mot for lv to app den 47 NY2d 706). Petitioner claimed at the hearing that a representative of the retirement system misled him by stating that since he was over 60 years of age, the amount of the benefits under ordinary disability retirement would be the same as those under service retirement and by failing to advise him of the possible Federal income tax benefit if he chose ordinary disability retirement.

However, the representative's advice regarding the amount of the benefits was correct (Retirement and Social Security Law, § 62, subd b, par 1), and to require the retirement system to advise every applicant of the tax implications of their retirement would impose an unreasonable burden on the system (see *Matter of Nutt v New York State Employees' Retirement System, supra*). Under these circumstances, the doctrine of estoppel is inapplicable (see *Matter of Gombar v New York State Employees' Retirement System,* 63 Misc 2d 527, affd 34 AD2d 1083). Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.