■ In the Matter of THOMAS M. MURPHY, Petitioner, v EDWARD V. REGAN, Individually and as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for ordinary disability retirement benefits. Petitioner, a member of the New York State Employees' Retirement System, suffered a heart attack on March 7, 1977, the date he was notified of the termination of his employment, effective March 30, 1977, with the Division of Housing and Community Renewal. On March 8, 1978, petitioner filed applications with the retirement system for accidental and ordinary disability retirement and service retirement. His application for service retirement was approved and his applications for accidental and ordinary disability retirement were disapproved. Petitioner applied to the Comptroller for a hearing to redetermine the disapprovals, and, after a hearing at which petitioner testified, petitioner's applications for accidental and ordinary disability retirement were denied upon the ground that petitioner was not a member of the system when he filed his applications. This proceeding to review that portion of the determination relating to ordinary disability retirement ensued. Initially, petitioner contends that he was wrongfully discharged from his employment. Petitioner failed to take any steps to contest directly the propriety of the determination of the Division of Housing and Community Renewal to terminate his employment, and he offers no excuse for his failure to do so. He may not now collaterally attack his discharge in this proceeding to review the Comptroller's determination denying his applications for disability benefits (*Matter of O'Neil v Regan,* 78 AD2d 478). Section 62 (subd aa, par 2) of the Retirement and Social Security Law requires that the member actually be in service at the time of the filing of his application for ordinary disability benefits. Here, petitioner's application was filed nearly a year after he was terminated from his employment. Accordingly, there is substantial evidence to support the Comptroller's determination that petitioner's application was not filed while he was actually in service (*Matter of Hauser v New York State Comptroller,* 83 AD2d 649; *Matter of Wilson v Levitt,* 79 AD2d 742; *Matter of O'Neil v Regan,* 78 AD2d 478, *supra*). Petitioner's claim that he had no opportunity to apply for ordinary disability retirement while he was in State service because of his physical incapacitation is not supported by the record (see Retirement and Social Security Law, § 62, subd a, par 3). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.