■ In the Matter of YVONNE B. Foss, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for ordinary disability retirement benefits. Petitioner had been employed as a stenographer by the New York State Department of Commerce since about September 25, 1962 until her termination on August 16, 1978. On May 10, 1977, she was involved in a non-work-related automobile accident which rendered her physically disabled. She was placed on sick leave at half pay until July 19, 1978. On July 27, 1978, she was notified by letter by the Commerce Department that she would not be placed on sick leave without pay and that she was to be terminated with the close of business on August 16, 1978. Petitioner filed an application for ordinary disability retirement benefits pursuant to section 62 of the Retirement and Social Security Law on April 13, 1979. In an initial determination, the State Comptroller denied her application on the basis that petitioner was not "in service" on April 13, 1979. Petitioner requested and received a hearing and thereafter her application was again denied. Petitioner next commenced the instant proceeding. The determination should be confirmed and the petition dismissed. Under section 62 (subd aa, par 2) of the Retirement and Social Security Law then in effect, a member of the retirement system must actually be "in service" at the time the application is made. Petitioner testified that she was terminated on August 16, 1978. Her application was not filed until April 13, 1979. Clearly, the determination of the State Comptroller is supported by substantial evidence and confirmance is required (*Matter of Wilson v Levitt,* 79 AD2d 742; *Matter of O'Neil v Regan,* 78 AD2d 478; see *Matter of Purdy v Kreisberg,* 47 NY2d 354). We have considered petitioner's claim that the State should be estopped from asserting that the application was not timely filed because she was misled by ambiguous communications from State employees and we find it to be without merit. Petitioner's argument that she should be reinstated with back pay was not raised below and is not available for review here (*Matter of Klein v Axelrod,* 81 AD2d 935, affd 54 NY2d 818). Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.