■ MEMORY GARDENS, INC., et al., Respondents, v EMMA T. D'AMICO, Appellant. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.), entered March 19, 1982 in Albany County, which denied defendant's motion to dismiss the complaint. In this appeal, we are called upon to determine whether certain oral statements reduced to writing in a sworn affidavit by an informant to an administrative agency, clothe the declarant with a qualified privilege of immunity. It appears that defendant, a former employee of the corporate plaintiff, complained to the New York Cemetery Board (created within the Division of Cemeteries in the Department of State) when plaintiffs refused to deliver a deed to a cemetery plot purchased by her and her husband. On September 29, 1979, the cemetery board voided the by-law relied upon by plaintiffs to refuse delivery of the deed, whereupon plaintiffs commenced a CPLR article 78 proceeding seeking annulment of the determination. In connection with the on-going investigation of plaintiffs' financial and management practices and for use in opposition to the article 78 proceeding, defendant was contacted by two Assistant Attorneys-General on October 9, 1979 and was requested to sign an affidavit. After the article 78 proceeding was dismissed, plaintiffs obtained a copy of defendant's affidavit from the cemetery board files under the Freedom of Information Law and commenced the instant action for damages, charging defendant with libel and the crime of perjury. Special Term denied defendant's motion to dismiss the complaint giving rise to this appeal in which defendant has presented four arguments for reversal. We initially hold that the record demonstrates that defendant failed to present to Special Term her contentions of truth and lack of publication which, although alleged as separate affirmative defenses in her answer, were neither substantiated nor set forth in her moving papers. Nor may we consider defendant's further argument that this court should take judicial notice of orders of the Unemployment Insurance Appeal Board and the New York State Cemetery Board, neither of which is in this record or was presented to Special Term. The law is clear that an issue not raised at Special Term and not properly presented on the record, cannot be raised for the first time on appeal (*Charlotte Lake Riv. Assoc. v American Ins. Co.,* 68 AD2d 151, 154; *Bankers Trust Co. of Albany v Martin,* 51 AD2d 411, 414). Since Special Term broadly considered the motion under CPLR 3211 (subd [a], par 7), under which the court is concerned with whether the pleading states a cause of action rather than any ultimate determination of the facts (see *Rovello v Orofino Realty Co.,* 40 NY2d 633), the issue presented was whether privilege is a complete defense to plaintiffs' action. Special Term was correct in stating that

while defendant would be immunized from liability under the established rule that pertinent statements made in the course of judicial proceedings are absolutely privileged (*Pecue v West*, 233 NY 316, 319; 35 NY Jur, Libel and Slander, § 108), "[s]ince no claim of absolute privilege is made, however, that question need not be disposed of on this motion." Throughout the record, defendant in her answer and supporting affidavits refers to the investigation being conducted, and asserts that her affidavit was *privileged*. She has failed to characterize or identify that privilege as either absolute or qualified. In defendant's brief, she contends she "was clothed in no less than a qualified privilege." While this court has consistently held that matters not raised in the trial court will not be considered for the first time on appeal (*Wagner v Town of Ticonderoga*, 88 AD2d 1011; *Matter of Foss v Regan*, 88 AD2d 1005; *Board of Trustees of Vil. of Lansing v Pyramid Cos.*, 51 AD2d 414, 416), the record demonstrates that defendant has failed to even assert protection through an absolute privilege, either at Special Term or in her brief and oral argument on this appeal. Failure to raise an issue in a brief is tantamount to abandonment (*Matter of Pessano*, 269 App Div 337, 341, affd 296 NY 564). We hold here that defendant's failure, in this record, to assert absolute privilege precludes our consideration of such defense. A qualified privilege, while affording less than immunity, should not be cavalierly dismissed as inadequate. "Only those who act out of malice, rather than public interest, need hesitate before speaking. It is in [this instance] that '[p]roof of such indirect motive will defeat the privilege which would otherwise have attached'" (*Toker v Pollak*, 44 NY2d 211, 221). We hold that Special Term was correct in denying defendant's motion on the ground that one of the opposing affidavits could be interpreted to infer malice, which, if found, would negate the protection of the qualified privilege (*Stukuls v State of New York*, 42 NY2d 272, 275; *Andrews v Gardiner*, 224 NY 440, 446; 35 NY Jur, Libel and Slander, § 93). The good faith of defendant and the existence of malice are questions of fact for a jury, and the burden of proof on these issues is upon plaintiff (*Toker v Pollak*, 44 NY2d 211, 219, *supra; Stukuls v State of New York*, 42 NY2d 272, 279, *supra*). The affidavits of two of the plaintiffs allege that defendant, upon being terminated from her employment by the corporate plaintiff said, "she would get Loren W. Lillis and Memory's Garden, Inc. for this." Special Term correctly found that this statement, if made, could be interpreted to infer malice as its basis, thus finding the complaint did state a cause of action. Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.