■ In the Matter of JAMES M. ELSASSER, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for ordinary disability retirement benefits. Petitioner, a 20-year mail room supervisor and print shop foreman employed by the Middle Country School District No. 11 in Centereach, Suffolk County, sustained an injury in July, 1980 which prevented him from returning to work. On November 21, 1980, he wrote to his superior to "request effective this date disability retirement". The school board accepted his request for retirement at a meeting on December 15, 1980 and notified him thereof on December 22. Petitioner's application for ordinary disability retirement dated January 12, 1981 was rejected by the Comptroller after a hearing on the ground that petitioner's employment had terminated November 21, 1980 and that section 62 of the Retirement and Social Security Law requires that a member must actually be in service at the time of filing an application. This statute reads in pertinent part: "§ 62. Ordinary disability retirement * * * aa. At the time of the filing of an application pursuant to this section, the member must: 1. Have at least ten years of total service credit, and 2. Actually be in service upon which his membership is based". The plain language of the statute leaves no room for interpretation (see *Matter of Wilson v Levitt,* 79 AD2d 742). The words "actually [be] in service" mean either on unpaid medical leave (Memorandum of State Employees Retirement System, NY Legis Ann, 1956, p 72; see *Matter of O'Marah v Levitt,* 35 NY2d 593; see, also, 2 NYCRR 309.4) or working, and

---

on the payroll (*Matter of O'Neil v Regan,* 78 AD2d 478, 479, mot for lv to app den 54 NY2d 602; see *Matter of Murphy v Regan,* 85 AD2d 819, app dsmd 56 NY2d 644, mot for lv to app den 56 NY2d 508). Although he could have sought medical leave or remained on the payroll until his accrued vacation days had been utilized, petitioner chose to resign effective November 21, 1980 and accept checks for all accrued days thereafter. On this record, we can neither say that the Comptroller's determination was not supported by substantial evidence nor otherwise erroneous, arbitrary or capricious. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Mikoll, J., dissents and votes to annul in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Petitioner was on indefinite medical leave as a result of a back injury which he sustained on the job. He was receiving workers' compensation benefits at the time. Petitioner was advised by his physician not to return to work. He notified his immediate supervisor, Daniel Birecree, that he was disabled and unable to work and that he wished to apply for disability retirement. On Birecree's advice, he submitted a letter dated November 21, 1980 which read as follows: "It is with deep regret that due to my health I can no longer perform my work duties due to my latest back injury. This leaves me no alternative but to request effective this date disability retirement." Birecree indicated that the import of the letter to him was that petitioner was going to seek a disability retirement. Petitioner's letter was acted on by the school board on December 15, 1980, which said: "James Elsasser, Mail Room Supervisor at Newfield High School, retiring from that position effective November 21, 1980. Twenty years service. Retiring on disability." Petitioner's accidental disability retirement application was received by the retirement system on December 3, 1980 and a regular disability retirement application was received on January 12, 1981. Petitioner's disability retirement application was denied based on the finding that petitioner was no longer in service as required by section 62 of the Retirement and Social Security Law when he applied for disability retirement benefits. The record discloses an unfortunate scenario. Petitioner, who fully intended to seek disability retirement benefits, was misled, albeit innocently, by his supervisor into submitting a letter which has been found to be an immediately effective resignation from his position and a nullification of his right to seek disability retirement benefits. It should be noted that the statute as now amended (L 1981, ch 756, § 1, eff July 27, 1981) would give an applicant in like circumstances 90 days' grace in making an application after leaving service. Be that as it may, I find that this record is far from adequate to support the finding that petitioner had left service before retirement. Petitioner's letter, rather, bespeaks of an intention to request disability retirement to be effective on November 21, 1980. Both petitioner and his supervisor understood it to be a commencement of the retirement process. Petitioner's own school board recorded petitioner's change of status as "retiring on disability". The record does not disclose that he quit but, rather, that he wished to retire on disability. The determination should be annulled and the matter remitted for further proceedings not inconsistent herewith.