■ RACHEL L. FRIEDMAN et al., as Trustees of a Trust Created by ARTHUR O. FRIEDMAN, Respondents, v HYPERION ASSOCIATES et al., Defendants, and KATHERINE WERNER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered November 2, 1988 in Columbia County, which, *inter alia,* granted plaintiffs' motion for summary judgment in lieu of complaint.

On June 1, 1982, defendant Hyperion Associates executed a $50,000 promissory note, with interest due annually, to Arthur O. Friedman. The note was due, and payable in full, on June 1, 1987. Defendants Katherine Werner, Robert S. Warshaw and Sandra Miller personally guaranteed payment of the note. After Friedman died on August 31, 1983, one of the executors of his estate assigned the note to plaintiffs. On June 1, 1987 the note matured, but payment was never made. Plaintiffs' motion for summary judgment in lieu of complaint *(see,* CPLR 3213) was granted against Werner as guarantor of the note. Werner appeals; we affirm.

Appended to plaintiffs' moving papers is a copy of the $50,000 note, personally guaranteed by Werner. Plaintiffs have established that Friedman's coexecutor assigned the note to them, and that the note remains unpaid. Although Werner argued in Supreme Court that the assignment was invalid, she has not pursued this contention in her brief and, hence, we deem it to have been abandoned *(see, Memory Gardens v D'Amico,* 91 AD2d 1160, 1161). Werner does not dispute any of the other of plaintiffs' allegations. Her opposition to the motion consists of speculation that plaintiffs obtained a replacement promissory note upon Friedman's death, which, if in existence, may absolve her of liability as guarantor on the original note. In support of this claim, she submitted a letter which plaintiff Alvin S. Hochberg, counsel for Friedman's estate, sent to Warshaw shortly after Friedman's death in 1983. In the letter, Hochberg states, "I trust that you are in the process of obtaining replacement promissory notes * * *. When the new notes have been received, we will return the old notes to you for destruction." From this Werner surmises that a replacement note exists.

Plaintiffs sued on the original note, and there is no evidence

whatsoever in the record that a replacement note was ever generated, or even that Werner inquired about such a possibility. Speculation and surmise are insufficient to defeat a motion for summary judgment *(Manufacturers Hanover Trust Co. v Green,* 95 AD2d 737, 738, *appeal dismissed* 61 NY2d 760; *Kornfeld v NRX Technologies,* 93 AD2d 772, 773, *affd* 62 NY2d 686). As Werner has failed to raise any material issue of fact, summary judgment was properly granted.

Judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.