In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated September 17, 2002, as granted that branch of the defendants’ motion which was to dismiss the complaint for failure to state a *504 cause of action and, in effect, denied that branch of their cross motion which was for leave to serve an amended complaint if the motion was granted.
Ordered that the appeal from so much of the order as, in effect, denied that branch of the cross motion which was for leave to serve an amended complaint if the motion was granted is dismissed as academic; and it is further,
Ordered that the order is reversed insofar as reviewed, that branch of the motion which was to dismiss the complaint for failure to state a cause of action is denied, and the complaint is reinstated; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiff Jose Vaz is the superintendent of a cooperative apartment building where he resides with his wife, the plaintiff Antinea Vaz, and their two children. The defendants reside in an apartment in the building. The plaintiffs commenced this action to recover damages for defamation and other torts, alleging that the defendants, individually and acting in concert with one another, made a false report of child abuse, which was ultimately determined to be unfounded. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. They did not specifically address each of the causes of action, but generally contended that the complaint was meritless and that, if they had made such a report, their conduct was protected by a qualified privilege. The Supreme Court, without discussion or explanation, granted that branch of the defendants’ motion which was to dismiss the complaint.
In addition to those individuals and institutions required by law to report cases of suspected child abuse or maltreatment (see Social Services Law § 413), “any person may make such a report if such person has reasonable cause to suspect that a child is an abused or maltreated child” (Social Services Law § 414). Pursuant to Social Services Law § 419, an individual or institution making such a report is entitled to immunity if the report was made in good faith. While the good faith of those statutorily required to report cases of suspected child abuse or maltreatment is presumed (see Social Services Law § 419), here the defendants’ alleged conduct is not presumptively privileged.
Assuming the truth of the allegations in the complaint and in an affidavit submitted by Mr. Vaz, and giving the plaintiffs the benefit of every favorable inference (see Rovello v Orofino Realty Co., 40 NY2d 633 [1976]), the complaint states a cause of action. The plaintiffs sufficiently allege that the defendants made a false report of child abuse, that they did not have reasonable *505 cause to suspect child abuse (see Social Services Law § 414), and that they did not act in good faith (see Memory Gardens v D’Amico, 91 AD2d 1160 [1983]). Consequently, the Supreme Court should have denied that branch of the defendants’ motion which was to dismiss the complaint.
The plaintiffs’ remaining contention has been rendered academic in light of our determination. Altman, J.E, Florio, Luciano and Rivera, JJ., concur.