■ In the Matter of MYRTLE L. CREASY, Respondent, v THOMAS F. ROCHE et al., Appellants.—Judgment, Supreme Court, New York County, entered January 26, 1978, granting petitioner's application pursuant to CPLR article 78 to annul a $200 monthly deduction from her retirement pay and remanding the matter to respondent to recompute such pay, unanimously reversed, on the law, and the petition dismissed, without costs. Petitioner retired from service 25 years after having commenced her employment with the City of New York, but at a time when her accumulation towards pension benefits totaled 23 years and 8 months. Erroneously respondent had placed petitioner on an advanced payroll, resulting in an overpayment of $7,284.83. Petitioner commenced an article 78 proceeding challenging the payability date and claiming that respondents were estopped from recouping the overpayments. The application for service retirement form makes it clear, by expressly providing on its face, that "the retirement allowance [is] to begin on the effective date of * * * retirement or on the initial date of payability whichever is later". Further, petitioner concedes that she knew one month before her retirement date that she "had earned twenty-three years and eight months service credit in the retirement system". The petitioner has confused eligibility requirements with the

initial payability date. Section B3-51.0 of the Administrative Code of the City of New York, expressly provides that if any beneficiary of the retirement system receives more than the beneficiary is otherwise entitled to receive, the board of trustees is authorized to adjust the payments "in such a manner that the actuarial equivalent of the benefit to which he was entitled shall be paid". This section clearly authorizes the board's actuarial adjustment of the overpayments, and the manner in which it was done was fair and reasonable. Further, even in the absence of a provision such as section B3-51.0, payments of public or trust funds under a mistake of law can be recovered. *(New York City Employees' Retirement System v Eliot,* 267 NY 193,200; *Matter of Zucker v New York City Employees' Retirement System,* 27 AD2d 207, 214, affd 21 NY2d 904.)* The petitioner raises another argument on this appeal, alleging that unpaid maternity leave deprived her of her rights under the provisions of title 7 of the Civil Rights Act of 1964 [78 Stat 241, 253], as amended by the Equal Employment Opportunity Act of 1972 [US Code, tit 42, § 2000e *et seq.]. General Elec. Co. v Gilbert* (429 US 125) holds to the contrary. Concur—Kupferman, J. P., Birns, Sullivan, Lane and Ross, JJ.