OPINION OF THE COURT
Seymour Schwartz, J.
This article 78 proceeding seeks to enjoin respondents from issuing any further payment of retirement allowances to a former New York City school teacher (Bouchard) now living in Arizona. Respondents, the teacher members of the retirement board, counterclaim for attorney’s fees incurred for their defense in this proceeding.
Bouchard received duplicate payments of her monthly fixed retirement allowance between December, 1971 and February, 1982, resulting in overpayment of $100,900.34. Upon discovery of the overpayment, the retirement system *497 sought the advice of its attorney, the Corporation Counsel of the City of New York. In Opinion No. 9.82, the Corporation Counsel stated: “where there is no financial disclosure or expression of intent to repay, the Teacher’s Retirement Board has a duty to withhold all future pension benefits until it recovers the total amount owed.”
Shortly thereafter, the retirement board convened a special meeting to address the matter of the overpayment. Notwithstanding -the opinion of the Corporation Counsel, the teacher members of the board refused to approve a resolution suspending Bouchard’s future retirement allowance. Instead, they voted for a resolution to proceed legally against Bouchard and to continue payments.
While the teacher members do not constitute a majority of the board, the approval of at least one teacher member is required to pass any resolution. (Administrative Code of City of New York, § B20-11.0.) Thus, the teacher members were able to block the attempt to use Bouchard’s future retirement allowance payments to reduce her debt to the retirement system.
Respondents claim a reasonable basis for refusing to approve the majority resolution to withhold. Counsel to the Comptroller’s office was present at the special meeting, and he disagreed with the Corporation Counsel as to the retirement board’s power to withhold pension benefits to recoup the overpayment.
Petitioner contends that the board has the power to withhold pension benefits and a fiduciary duty to do so. Petitioner further asserts that the failure of the teacher members to approve the withholding of pension benefits was arbitrary and capricious.
The board is faced with the serious problem of how to collect more than $100,000 from an unjustly enriched teacher retiree now pf advanced years with a limited life expectancy who now resides in Arizona. There is no denial of the overpayment. Litigation in Arizona is, of course, an option but it is by no means exclusive. It may be combined with board action in New York. (Matter of Creasy v Roche, 72 AD2d 681.) Withholding of present monthly payments may persuade Bouchard to come to New York to litigate *498 her rights. If so, the Statute of Limitations would not be a defense to the recoupment of past overpayments. (CPLR 203, subd [b], par 6; subd [c].) The New York court, rather than an Arizona court, would rule on an important legal New York issue relating to the New York Teachers’ Retirement Plan. Litigation in Arizona would force a foreign court to interpret provisions of the retirement plan and could result in an effective invocation of the Statute of Limitations all to the detriment of the fund corpus and other deserving teacher members of the retirement plan.
The retirement board has the power to withhold pension benefits. (New York City Employees’ Retirement System v Eliot, 267 NY 193.) That power need not rest on specific statutory authority. (See Matter of Creasy v Roche, supra.) To hold that the board is without such power would mean that payments made in error could not be corrected by withholding subsequent payments, leaving the board with no alternative but to litigate to recover overpayments.
Members of the retirement board are trustees of retirement funds. (See Administrative Code, § B20-31.0.) They are held to the standard of trustees with a fiduciary duty to protect the corpus of the fund. In this posture the decision to forego withholding is inconsistent with that high duty. Whether judged as a deviation from the prudent man rule incumbent on a trustee or as an arbitrary and capricious administrative ruling, there is no underlying rational basis for the decision. It is the duty of the trustees to recover the overpayment as simply, expeditiously and inexpensively as possible and by foregoing the remedy of withholding they have breached their duty as trustees.
It should be noted that the board was not dealing with a party expressing willingness to pay back the overpayments. Nor did Bouchard demonstrate how hardship would result from a termination of retirement payments. Rather, her response to the fund’s inquiries about repayment could only be interpreted as a cavalier refusal to make restitution. In these circumstances, a prudent trustee has no choice but to withhold future payments.
The individual teacher respondents seek payment of their attorney’s fees by the retirement system. There is authority that even absent statutory direction, attorney’s *499 fees of a governmental entity forced to obtain counsel may be paid when its governmental counsel cannot represent it because of a conflict of interest. (See Fleischmann v Graves, 235 NY 84; Cahn v Town of Huntington, 29 NY2d 451.) There is no authority granting attorney’s fees to individual members of such an entity who have taken a legal position contrary to their duly appointed attorney. Here the Corporation Counsel has the duty to give legal counsel to the board. The question whether withholding is permissible and appropriate is essentially one of law, not fact or policy judgment. The Corporation Counsel rendered his legal opinion supporting withholding. To indemnify an individual board member who chooses to disregard that legal advice would encourage arbitrary individual legal judgments often by persons with no legal training, all at the expense of another’s pocketbook. This has no public policy justification.
Contrary to respondents’ memorandum of law, this is not a case where the Corporation Counsel is challenging a decision of the board. The decision to seek a legal remedy rather than self-help was forced on the board by a minority violating their duties as trustees. While superficially it would appear that the board came to a decision now being challenged, the compromise vote to seek a legal remedy was only approved because of the teacher members’ veto of self-help. Moreover, the decision to seek a legal remedy is not being challenged. This action is brought simply to compel respondents to fulfill their fiduciary duty. The cost of their decision to employ outside legal counsel in an effort to avoid that duty should be borne by the teacher members who chose to breach their duty against the advice of their duly appointed attorney.
Judgment pursuant to article 78 is granted petitioner for the relief requested. Respondents’ counterclaim for attorney’s fees and disbursements is dismissed.