■ In the Matter of JAMES T. TILT et al., Respondents, v. MARY G. KRONE et al., Constituting the Civil Service Commission of the State of New York, et al., Appellants.— *Per Curiam.* Appeal from a judgment of the Supreme

Court at Special Term, entered December 12, 1967 in Albany County. In this article 78 proceeding, petitioners seek to require the Commissioner of Taxation and Finance to tender them offers of employment in the sales tax division of the New York State Department of Finance. On April 14, 1965, by enactment of chapter 93 of the Laws of 1965, the State of New York adopted a sales and use tax to take effect August 1, 1965. The legislation also provided for transfer to the State of the responsibility for the collection of local municipal sales and use taxes which were then in effect. Petitioners, holding permanent competitive class positions with veterans' preferences, were employees of the New York City Department of Finance, in the collection and administration of the City's Sales and Compensating Use Tax. In order to carry out the provisions of subdivision 2 of section 70 of the Civil Service Law relating to transfers and preferences, appellants obtained from the New York City Director of Finance certification of those employees in the city system who were engaged in the performance of sales tax duties. The State Commissioner of Taxation and Finance then commenced processing transfers to the State system, all transfers being completed by January 1, 1966. The certified list from the city did not contain petitioners' names. Over 18 months after enactment of the statute authorizing the transfer (and some 14 months after its effective date), a proceeding was commenced by petitioners to compel appellants to tender them offers of employment. This was dismissed. They then presented formal letter requests for employment to the Commissioner of Taxation and Finance in April 1967, which were followed by the present proceeding. Appellants correctly contend that the application should be denied for a failure to timely apply for the relief. The four months' period of limitations in an article 78 proceeding in the nature of mandamus, provided for in CPLR 217, is a bar when a petitioner has unreasonably delayed to make a demand so as to postpone indefinitely the time within which to institute such a proceeding (*Matter of Central School Dist. No. 2* v. *New York State Teachers' Retirement System,* 27 A D 2d 265). It appears that transfers from the city to the State were commenced August 1, 1965 (the statute's effective date) and petitioners should have known of the transfers of their associates and, in any event, were chargeable with the knowledge that the statute provided for transfers. (*People ex rel. Sprague* v. *Maxwell,* 87 App. Div. 391.) Upon the effective date of the statute transferring the collection and administration of the tax, petitioners had a right to make a demand and since a demand must be made within a reasonable time *after* the right to make it occurs (*Austin* v. *Board of Higher Educ. of the City of N. Y.,* 5 N Y 2d 430, 442; *Matter of Devens* v. *Gokey,* 12 A D 2d 135, affd. 10 N Y 2d 898), or after they should have known of the facts giving them a right to relief, they are barred by laches. (See 24 Carmody-Wait 2d, New York Practice, § 145:245, pp. 26–27.) Their contention, sustained by the Special Term, that they were unaware that the transfers had been completed cannot serve to forever extend the time when a demand must be made. No satisfactory explanation for the inordinate delay has been shown and where, as here, "the power of indefinite suspension of the limitations of time would reside in the petitioner(s) by a refusal, failure or neglect to make expeditious demand" which has necessarily crystalized the rights of persons already transferred, a defense of laches must be sustained. (*Matter of De Lack* v. *Greene,* 170 Misc 309, 311; see, also, *Matter of Kleinman* v. *Kaplan,* 20 A D 2d 594.) Judgment reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum Per Curiam.