Robert O. Brink, J.
The above-named petitioner, the Police Chief of the Village of Johnson City, New York, has applied to this court pursuant to the CPLR, article 78, to review the action of the Mayor and the Village Board of Trustees of the Village of Johnson City in attempting to remove him from the office of Chief of Police and appointing a successor pursuant to a local law (Local Laws, 1966, No. 1, of Village of Johnson City) *178 enacted by the Village Board in the year 1966, establishing the mandatory retirement age of village employees at the age of 62 years. The petitioner bécame 62 years of age on January 20, 1969.
The petitioner was employed as a member of the Johnson City Police Department on or about February 15, 1936 and subsequently became a participating member of the New York State Retirement System. By a legislative enactment, as of April 1,1967, he became a member of the New York State Policemen’s and Firemen’s Retirement System. (Retirement and Social Security Law, § 330.)
On March 3, 1968, the petitioner was appointed Chief of Police of the Village of Johnson City following a competitive civil service examination. The State Retirement Law at all times since petitioner’s affiliation with the State Retirement System, has provided for a mandatory retirement age of 70 years. The same mandatory age (70 years) was retained in the New York State Policemen’s and Firemen’s Retirement System, effective as of April 1,1967.
The question of law involved in this proceeding is, can a village adopt a local law which establishes superannuation at 62 years of age for all employees. When this question arose in the Village of Johnson City, the Village Attorney held that the local law was invalid by reason that it conflicted with the provisions of the New York State Retirement and Social Security Law. This position is supported by a series of opinions of the Comptroller and the Attorney-General of the State of New York. (See 21 Op. St. Comp., 1965, p. 344; p. 115; 1964, vol. 20, p. 395; 1957, vol. 13, p. 131; also, 1967 Opns. Atty. Gen. 122.) There are also two reported cases in which it has been held if a local pension plan is in existence, a local law may vary the mandatory retirement age limit. (Humbeutel v. City of New York, 125 N. Y. S. 2d 198, affd. 283 App. Div. 1011, affd. 308 N. Y. 904; Geary v. Phillips, 53 Misc 2d 337.) Each of these cases involves local pension plans and the employees involved were not members of the New York State Retirement System.
Counsel for the village, who was retained after the Village Attorney disqualified himself, takes the position that under the Home Rule statutes, namely section 10 of the Municipal Home Rule Law and subdivision 59 of section 89 of the Village Law, the Village of Johnson City has the power and authority to lower the mandatory retirement age of its employees, by reason of the fact that the provisions of the State law did not expressly provide that an employee who was a member of the State Retirement System had the right to work until he was 70 years of age. *179 It is further argued that municipalities have broad powers in legislating in matters of public safety. Cases are cited by respondents’ counsel to support this doctrine.
It seems to this court that this construction of the State Retirement Law is a very strained one. When we consider a mandatory retirement, it should be viewed in the light of the fact that under the Civil Service Laws of the State, no one can be removed from his employment prior to the mandatory retirement age in the absence of physical or mental disability or misfeasance or nonfeasance in the duties of his employment, in which event he is entitled to a hearing on the charges. When all of the statutes affecting civil service employment are considered, a member of the State Retirement System is given the right to work until the mandatory retirement age. Moreover, it has been held that a State law may pre-empt a particular legislative area so that there is no room for local regulation, in which case a local ordinance attempting to impose an additional regulation in that field will be regarded as conflicting with the State law, and for that reason, void even though a particular ordinance does not directly duplicate or otherwise conflict with the express provision of the State law. (People v. Del Gardo, 1 Misc 2d 821; see also Matter of Kress & Co. v. Department of Health, 283 N. Y. 55.)
It has been held that a Village Board cannot determine the physical disability of an employee, but that under the State law, such determination must be made by the State Comptroller under the State Retirement System. (Matter of Raab v. Board of Trustees of Vil. of Ardsley, 20 A D 2d 228.)
Furthermore, an examination of subdivisions b and c of section 70 of the Retirement and Social Security Law clearly indicates that it was the legislative plan to base the detailed procedures under the State Retirement System on a mandatory retirement age of 70 years. Beyond the legal ramifications of the issue, a very confusing and unhealthy situation could develop if each village and municipality had the power to establish a different retirement age. The very nature of the regulation calls for a State-wide uniformity. In this day and age of collective bargaining by public employees, comparative municipal .salaries are cited and used as a basis for settlement of salary disputes.
Section 7 of article V of the New York State Constitution provides : ‘ ‘ After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” It is conceded *180 that within certain limitations municipalities have the powers to eliminate positions and also limit or expand the duties of any given position; however, the right to work until age 70, as well as the other benefits of the State Retirement System, is certainly an inducement to any person to enter public employment. Most private industries require mandatory retirement at age 65. The State has deviated from this policy by fixing the mandatory retirement age at 70. A person who enters the public .service has a right to rely on this benefit and also rely on the possibility of a promotion to a higher position with increased salary. It is normal for a man who joins the Police Department to aspire to promotion to the positions of sergeant, lieutenant, captain and possibly Chief of Police. It is true that he is not the direct contracting party and the contract is between the State and municipality, but he certainly is a beneficiary and is entitled to all the benefits involved. Under these circumstances, in the opinion of this court, it is a violation of section 7 of article V of the State Constitution for a municipality to lower the mandatory retirement age.
It is the decision of this court that the local law of the Village of Johnson City enacted in 1966 fixing the mandatory retirement age at 62 is invalid by reason of its conflict with the Retirement and Social Security Law and is unconstitutional under section 7 of article V of the State Constitution and that the action of the Mayor and the Village Board of Trustees in discharging the petitioner by reason of age is illegal and that under the provisions of the State Retirement and Social Security Law the petitioner lawfully occupies the position of Chief of Police of the Village of Johnson City.