In the Matter of JOSEPH J. BURKE, Respondent, *v.* VILLAGE OF JOHNSON CITY, Appellant.

Third Department, April 5, 1971.

*Donald E. Egan, Jr., Village Attorney,* for appellant.

*Charles J. Bellew* (*Richard N. Aswad* of counsel), for respondent.

HERLIHY, P. J. This is an appeal from a judgment of the Supreme Court entered in Broome County, which granted petitioner's application, in a proceeding pursuant to article 78 of the CPLR for reinstatement in the Police Department together with his back pay.

The petitioner in 1966, although obviously aware that he was a member of the New York State Retirement System and was an employee pursuant to the Civil Service Law of the State, acquiesced in the direction of the respondent that he retire and was duly retired pursuant to a local law of respondent requiring retirement at age 62.

The local law was subsequently declared to be in excess of the power of the respondent in a proceeding brought by a fellow policeman in 1969 (*Matter of Pettit* v. *McCabe,* 60 Misc 2d 177). In the *Pettit* case the petitioner became 62 years of age in January of 1969, and it appears that Pettit refused to retire whereupon the respondent discharged him by reason of age and he promptly petitioned for reinstatement pursuant to article 78 of the CPLR.

In the present case the petitioner at no time sought to question the validity of the local law which required his retirement and made no effort to be reinstated until after the decision of the court in *Matter of Pettit* v. *McCabe* (*supra*). The respondent has contended that the petitioner's application should be dismissed because it was not timely commenced. The petitioner contends that his retirement was equivalent to his discharge from employment because his retirement was mandated by what has now been declared to be an unenforceable local law as to him. He seeks to excuse his failure to have previously commenced a proceeding for reinstatement upon the ground that he did not know that the local law was unenforceable as to him until after the decision of the court in the *Pettit* case.

As a general proposition an employee who is discharged from his governmental position without a hearing need not seek reinstatement within four months from such discharge, but may

delay until such time as he has demanded reinstatement and been refused. (*Austin* v. *Board of Higher Educ. of City of N. Y.,* 5 N Y 2d 430, 442.) However, an aggrieved employee may not unduly delay in seeking his reinstatement for the purpose of having timely instituted an article 78 proceeding (*Austin* v. *Board of Higher Educ. of City of N. Y., supra*).

In the present case the petitioner obviously knew that he was aggrieved when he was retired. Upon the facts and circumstances surrounding the present proceeding it appears that there was an undue delay and that the defense of laches should have been sustained by Special Term. (See *Matter of Tilt* v. *Krone,* 31 A D 2d 561; cf. *Matter of Kleinman* v. *Kaplan,* 20 A D 2d 594.)

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

REYNOLDS, GREENBLOTT, COOKE and SIMONS, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.