HON. JOHN J. PETTIGRASS Corporation Counsel, Auburn
This is in response to your letter wherein you ask for an opinion of the Attorney General as to whether a local law of the City of Auburn, which mandates the retirement of City employees at the age of 70, can be reconciled with section 296(1-a) of the Executive Law which makes it unlawful to discharge any individual from employment because of age. You further ask whether your City Clerk, a member of the New York State Employees' Retirement System, is exempt from this mandatory retirement age since he is appointed directly by the City Council.
The City of Auburn has elected to participate in the New York State Employees' Retirement System pursuant to section 30(a) of the Retirement and Social Security Law, and as a participating employer the City of Auburn is subject to all the provisions thereof.
Section 113(a) of the Retirement and Social Security Law, provides:
 "a. No municipality, after April twelfth, nineteen hundred twenty-two, shall create any retirement system for its officers or employees."
In 1965 Atty Gen [Inf Opns] 75 and 1971 Atty Gen [Inf Opns] 167, we interpreted the preceding section to mean that the State has preempted the field of retirement and pensions and that absent express statutory authorization a municipality may not legislate in that field. A similar conclusion was reached in Pettit v McCabe, 60 Misc.2d 177, 179 (Supreme Court, Broome County, 1969), wherein the Court stated;
 "* * * it has been held that a State law may pre-empt a particular legislative area so that there is no room for local regulation, in which case a local ordinance attempting to impose an additional regulation in that field will be regarded as conflicting with the State law, and for that reason, void even though a particular ordinance does not directly duplicate or otherwise conflict with the express provision of the State law. (People v. Del Gardo, 1 Misc.2d 821; see also Matter of Kress Co. v. Department of Health, 283 N.Y. 55.)"
Your local law, mandating the retirement of City employees at the age of 70, restates in substance the provisions of section 70(b) of the Retirement and Social Security Law, which provides in part:
 "b. Any member who attains age seventy shall be retired on the first day of the calendar month next succeeding such event. * * *" (Exceptions omitted irrelevant to the question posed.)
We have previously concluded that a municipality which has elected to participate in the New York State Employees' Retirement System may not, by local law or otherwise, reduce the mandatory retirement age fixed by the preceding section (1969 Atty Gen [Inf Opns] 130; 1967 Atty Gen [Inf Opns] 122). The Court in Pettit v. McCabe, supra, reached the same conclusion and stated:
 "Furthermore, an examination of subdivisions b and c of section 70 of the Retirement and Social Security Law clearly indicates that it was the legislative plan to base the detailed procedures under the State Retirement System on a mandatory retirement age of 70 years. Beyond the legal ramifications of the issue, a very confusing and unhealthy situation could develop if each village and municipality had the power to establish a different retirement age. The very nature of the regulation calls for a State-wide uniformity. In this day and age of collective bargaining by public employees, comparative municipal salaries are cited and used as a basis for settlement of salary disputes."
Since matters relating to the State Retirement System have been preempted by the State Legislature, the relevant inquiry is whether section 70(b) of the Retirement and Social Security Law, and not your local law, can be reconciled with section 296(1-a) of the Executive Law, which declares it to be an unlawful discriminatory practice for an employer to discharge any individual from employment because of age.
We call to your attention the provisions of section 296(3-a) (a) of the Executive Law, which limit the "age" referred to in section 296(1-a) to be from 18 to 65.
Furthermore, in Nurenberg v Ward, 51 A.D.2d 1022, 1023 (2d Dept, 1976), the Court stated:
 "* * * There being a valid State objective in maintaining the quality of performance of State employees, and there being a general relationship between advancing age and decreasing ability to respond to the demands of a job, it must be concluded that the challenged classification of persons who have attained the age of 70 years does not violate the equal protection guarantee (cf. Murgia v Massachusetts Bd. of Retirement, 376 F. Supp. 753, 386 F. Supp. 179, affd 421 U.S. 972). Nor do we find that there has been an interference with liberty and property of such a nature as would cause us to invoke the requirements of procedural due process (see Board of Regents v Roth, 408 U.S. 564). * * *"
From all of the foregoing, we conclude that notwithstanding the provisions of section 296(1-a) of the Executive Law, the mandatory retirement age of 70 as provided by section 70(b) of the Retirement and Social Security Law governs the City of Auburn; and the City Clerk, who is a member of the New York State Employees' Retirement System, is subject to its provisions regardless of his manner of appointment.