■ In the Matter of MAGDALENE P. STULAK, Petitioner, v ARTHUR LEVITT, as New York State Comptroller, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement on the ground that her application was not filed within two years after she was first discontinued from State service. Petitioner was employed as a housekeeper at the West Seneca State School, West Seneca, New York. She discontinued working on July 19, 1971 due to illness resulting from an accident which entitled her to benefits from workmen's compensation. Petitioner's termination of employment became effective July 19, 1972, one year after her continuous absence from duty. Petitioner filed an application for accidental disability retirement under section 63 of the Retirement and Social Security Law on December 28, 1974 alleging an accident in the course of her employment occurring on July 19, 1971. The State Comptroller denied the application by determination dated August 19, 1976 affirming the hearing officer's finding that the application was not filed within two years after petitioner first discontinued her service with the State. The sole issue in this proceeding is whether the application was timely filed. Section 63 of the Retirement and Social Security Law provides, in part, as follows: "However, in a case where a member is discontinued from service subsequent to the accident, either voluntarily or involuntarily, application may be made not later than two years after the member is first discontinued from service". The two-year time limitation of section 63 of the

---

* This order had been erroneously entered in Steuben County on March 31, 1977.

Retirement and Social Security Law begins to run when an applicant is actually terminated from employment *(Matter of O'Marah v Levitt,* 35 NY2d 593). Petitioner contends that she was not properly terminated from her employment on July 19, 1972. Specifically, petitioner contends that since she was terminated pursuant to section 73 of the Civil Service Law and since the Workmen's Compensation Board subsequently determined that there was an accident and causal relationship, the date of termination should not be considered July 19, 1972 for purposes of determining whether the application was timely. Petitioner argues that her employment "could conceivably have been extended until July 19, 1973" if section 71 of the Civil Service Law had been applied instead of section 73. The provisions of section 71 of the Civil Service Law entitle the employee to a leave of absence for at least one year. Under the circumstances here, petitioner was, in effect, granted a leave of absence for one year, and the possibility that she might have been granted an extended leave is only speculative, since petitioner never sought an extension. In addition, the record indicates that petitioner never contested her dismissal. The evidence in the record establishes only that petitioner's employment terminated on July 19, 1972, and she filed an application for accidental disability retirement on December 28, 1974. The determination of respondent State Comptroller is supported by substantial evidence on the record. Determination confirmed and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.