OPINION OF THE COURT
Richard Lee Price, J.
 The respondent’s cross motion to dismiss is denied. Petitioner’s claim is not time barred under CPLR 217 and does state a cause of action.
It is well established that a government employee who is discharged without a hearing may delay application for relief under CPLR article 78 until he or she has demanded reinstatement and has been refused, provided that the ex-employee has not so unnecessarily delayed as to be guilty of laches. (Matter of Sirles v Cordary, 49 AD2d 330, citing Matter of Burke v Village of Johnson City, 36 AD2d 202, affd 29 NY2d 846.)
*698 In the instant case, petitioner, a New York City police detective, was dismissed by operation of law on February 2, 1977, upon his conviction of a felony. (Public Officers Law, § 30.) Petitioner immediately appealed that conviction and the conviction was reversed by the Court of Appeals on May 6, 1980. Petitioner demanded reinstatement by motion on September 29, 1980. This motion was decided against petitioner on December 11, 1980, and the decision was “finally approved” by the commissioner on July 16, 1981. This article 78 proceeding was instituted on September 30, 1981.
It is clear that any attempt by the petitioner to be reinstated prior to the time of reversal of his felony conviction would have been futile. As stated above, case law interprets section 30 of the Public Officers Law to require automatic dismissal upon conviction of a felony. (Matter of Toro v Malcolm, 44 NY2d 146.)
Furthermore, CPLR 7801 provides for judicial review of an agency decision “after the determination to be reviewed has become final and binding.” Petitioner is seeking judicial review of the commissioner’s refusal to reinstate him. While the initial dismissal may have been proper at the time, and therefore unreviewable as a matter of law, the present refusal to reinstate is a separate determination and is reviewable if proceedings are instituted within four months of the commissioner’s final determination on that matter.
 For these reasons, the petition is held not time barred. Neither does the petition fail to state a cause of action under CPLR 3211 (subd [a], par 7). This court holds that section 30 of the Public Officer’s Law does not, as a matter of law, preclude a police officer’s reinstatement to the force upon reversal of his or her conviction. (See Greene v McGuire, 517 F Supp 1330 [applying New York law].) This is especially true where the felony conviction has been reversed on the grounds that no crime was in fact committed.
Accordingly, the petition is granted to the extent of directing the respondent to serve and file its answer to the petition within 20 days after service of a copy of the order to be settled on this decision.
*699 Petitioner may renotice the petition upon five days’ notice, for consideration by this court on the merits, after service of a copy of the answer or after expiration of the time for answering. (See CPLR 7804, subds [e], [f].)