■ MARILYN G. PIZZARDI, Respondent, v SMITHTOWN CENTRAL SCHOOL DISTRICT No. 1, Appellant. — In an action seeking a declaratory judgment and monetary compensation for alleged violation of seniority rights, defendant appeals from two orders of the Supreme Court, Suffolk County (Weissman, J.), both dated January 28, 1982, which denied its respective motions to dismiss the complaint and the amended complaint. Order denying defendant's motion to dismiss the amended complaint reversed, on the law, without costs or disbursements, motion granted and action dismissed. Appeal from order denying defendant's motion to dismiss the original complaint dismissed as academic, without costs or disbursements, in light of the determination on the appeal from the other order. Plaintiff's amended complaint contains two separate claims. Initially she seeks a declaration as to her seniority status on the preferred eligibility list prescribed by subdivision 3 of section 2510 of the Education Law. Additionally, she seeks to enforce defendant's past practice of utilizing the seniority list for filling nonpermanent positions, in this case, regular substitute teaching positions. A declaration as to plaintiff's statutory rights (i.e., her seniority status on the preferred eligibility list) is not precluded by the existence of a collective bargaining agreement or constrained by the grievance procedures contained within such agreement (see *Matter of Dreyfuss v Board of Educ.*, 72 Misc 2d 703, revd on other grounds 42 AD2d 845). As *Dreyfuss* noted (p 705), "[R]ights conferred by statute [are] enjoyed independently, of the rights bargained for." To the degree that plaintiff seeks a declaration as to those rights she states a cause of action. However, while a cause of action is stated, it is nonetheless barred by the Statute of Limitations. The Statute of Limitations applicable to a declaratory judgment action depends upon the nature of the substance of the underlying claim (see *Solnick v Whalen*, 49 NY2d 224). At bar the gravamen of plaintiff's cause of action under section 2510 of the Education Law is in the nature of an article 78 proceeding. The applicable limitations period therefore was four months. Since the nature of the relief sought is mandamus to review (cf. *Matter of De Milio v Borghard*, 55 NY2d 216, 220), "[t]he limitations period * * * runs from the date the determination sought to be reviewed becomes final and binding." Special Term erred in holding that the limitations period commenced at the Level I denial of plaintiff's grievance. Inasmuch as the statutory claim asserted by plaintiff exists independent of the collective bargaining agreement plaintiff's resort to the grievance procedure was immaterial (see *Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd.*, 41 NY2d 926). Instead the limitations period commenced upon the publication of the preferred eligibility list in July, 1980 (cf. *Matter of Martin v Ronan*, 44 NY2d 374; *Mundy v Nassau County Civ. Serv. Comm.*, 44 NY2d 352, 357). Plaintiff's cause of action commenced in September, 1981, is therefore untimely. Insofar as plaintiff seeks to enforce defendant's past practice of using the above list for filling regular substitute teaching positions that practice is not statutorily mandated (*Matter of Brewer v Board of Educ.*, 51 NY2d 855, 858), but is governed by the collective bargaining agreement. Article 5 of the agreement provides that existent school policy, not specifically covered in the agreement, may not be altered "without reopening negotiations with the STA". Defendant's conceded policy of using the list for filling nonpermanent positions, comes within article 5. Under article 22 violation of such policy is a grievance resolvable through the prescribed grievance procedure. Settlement through the grievance procedure is exclusive. A law action is therefore precluded (*Adelphi Enterprises v Mirpa, Inc.*, 33 AD2d 1019). While an exception may lie where a union has sole power to prosecute a grievance and breaches its duty to do so (*Vaca v Sipes*, 386 US 171, 185) this exception is unavailable to plaintiff. Not only does plaintiff fail to plead such allegations in her amended complaint

but the collective bargaining agreement discloses that plaintiff was empowered to proceed to the higher stages of the grievance procedure on her own, despite the union's refusal to continue. Plaintiff failed to utilize that relief. Her claim for judicial relief, therefore, must be dismissed on the basis that her sole remedy lay under the collective bargaining agreement. Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.