■ In the Matter of GERALD KAYE, Appellant, v BOARD OF EDUCATION, MERRICK UNION FREE SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to CPLR article 78, to compel petitioner's reinstatement to a full-time teaching position, petitioner appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated May 24, 1982, which dismissed the petition as time barred pursuant to CPLR 217. Judgment reversed, on the law, with costs, and matter remitted to Special Term for further proceedings consistent herewith. Due to declining enrollments, respondent eliminated four elementary school teacher positions, including petitioner's, effective June 30, 1981. Petitioner and the three senior teachers were placed on a recall list pursuant to section 2510 of the Education Law. The three senior teachers were recalled to full-time positions on August 29, 1981. On September 1, 1981, petitioner was recalled to a half-time position as a kindergarten teacher. Petitioner commenced the instant proceeding by service of a notice of petition on or about December 18, 1981, seeking reinstatement to a full-time teaching position *nunc pro tunc* to September 1, 1981. Petitioner claimed that respondent had violated his tenure rights by retaining a less senior teacher, on a full-time basis, in an allegedly similar position. Special Term dismissed the petition as time barred, holding that respondent's determination to dismiss petitioner and retain a less senior teacher in the allegedly same tenure area became final and binding on June 30, 1981, the effective date of petitioner's dismissal. We reverse. The instant proceeding is in the nature of mandamus to compel respondent to perform a duty enjoined upon it by law (*Matter of Piaggone v Board of Educ.,* 92 AD2d 106). As such, petitioner's cause of action accrued "after the respondent's refusal, upon the demand of the petitioner * * * to perform its duty" (CPLR 217). On this record, the earliest action taken by petitioner that could legally be deemed a demand that respondent reappoint him to a full-time position was the service of his notice of petition on or about December 18, 1981. Petitioner has not unduly delayed his demand so as to be

guilty of laches (cf. *Matter of Burke v Village of Johnson City,* 36 AD2d 202, affd 29 NY2d 846; *Austin v Board of Higher Educ.,* 5 NY2d 430). Accordingly, the matter is hereby remitted to Special Term to determine the merits of petitioner's claim. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.