■ In the Matter of MARISOL CHAVEZ, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a linen clerk at Manhattan State Hospital on Wards Island in New York City. She was injured in the course of her employment on August 26, 1977 and never returned to work. According to the hospital's payroll records, the last day for which petitioner was paid was August 26, 1977; she was officially discharged from her employment on September 15, 1978. Petitioner was subsequently found eligible for workers' compensation benefits, effective from the date of her injury.

Petitioner filed an application for accidental disability retirement benefits under section 63 of the Retirement and Social Security Law on September 28, 1982. Respondent Comptroller denied the application, affirming the hearing officer's finding that petitioner's application was untimely in that it was not

filed within two years after petitioner was first discontinued from service with the State, as required by section 63 (subd a, par 3) of the Retirement and Social Security Law.

Petitioner's sole contention in this proceeding is that the time limitation of section 63 is inapplicable to her situation. She bases this argument on the contention that her discharge from State service was improper because she allegedly never received notice thereof. This contention is without merit.

The two-year Statute of Limitations set forth in section 63 (subd a, par 3) of the Retirement and Social Security Law has been held to run from the date upon which an applicant is actually terminated from employment (*Matter of Stulak v Levitt*, 63 AD2d 759, 759-760), not from the date upon which she receives notice of termination. As noted above, the record discloses that petitioner's last day of paid service was August 26, 1977, and she was terminated as of September 15, 1978. Her allegation that she received no notice of her termination cannot be used to extend forever the time within which she may apply for disability retirement benefits (see *Matter of Tilt v Krone,* 31 AD2d 561, 562). This is especially true in view of the fact that petitioner concedes that she never made any effort to ascertain the status of her employment after she left it.

Further, petitioner did not contest the propriety of her dismissal until her eligibility hearing in January, 1983, over four years after her termination. It seems evident that during the long interim period, it should have occurred to petitioner that she was no longer employed. Since she has offered no good excuse for the delay in contesting the validity of her dismissal, she is now barred by laches from doing so (see *Matter of O'Neil v Regan,* 78 AD2d 478, 479-480, mot for lv to app den 54 NY2d 602).

Accordingly, we conclude that respondent's determination, denying petitioner's application on the ground that it was untimely filed, is supported by substantial evidence on the record and should be confirmed (see *Matter of Foss v Regan,* 88 AD2d 1005, mot for lv to app dsmd 58 NY2d 747).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.