■ In the Matter of BEATRICE DIONISIO, Appellant, v BOARD OF EDUCATION OF THE MAHOPAC CENTRAL SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the petitioner's reinstatement to an elementary school teaching position pursuant to Education Law § 2510, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Rubenfeld, J.), dated October 9, 1984, which dismissed the petition on the ground that it was barred by the Statute of Limitations.

Judgment affirmed, with costs.

In the instant proceeding, it is alleged that the respondent board of education violated the provisions of Education Law § 2510 (3) by appointing the respondent Barbara Storrar instead of the petitioner to an elementary school teaching position for the 1982-1983 academic year. The petition seeks to require the board of education to comply with the mandates of the aforementioned statute. Special Term granted the board of education's motion to dismiss the petition as time barred. We now affirm.

We have previously held that a proceeding such as this is in the nature of mandamus to compel *(see, Matter of Kaye v Board of Educ.,* 97 AD2d 794; *Matter of Piaggone v Board of Educ.,* 92 AD2d 106). Hence, the four-month limitations period within which to commence the instant proceeding must be measured from the date upon which the board refused to comply with a demand for appointment by the petitioner *(see,*

CPLR 217; *Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of Kaye v Board of Educ., supra).* The record reveals that a grievance letter dated September 14, 1982 was filed with the board, alleging violations of both the Education Law and the collective bargaining agreement, and demanding the "proper appointment of replacements". This grievance letter constituted the requisite demand by the petitioner, and the subsequent denial of the grievance by the board, dated September 28, 1982, constituted a refusal which started the running of the four-month limitations period *(see generally, Matter of Piaggone v Board of Educ., supra).* Since the instant petition is dated May 25, 1984, it is clearly untimely.

Insofar as the petitioner contends that the proceeding is timely because it was commenced within four months of an arbitration award resolving her claims under the collective bargaining agreement, we note that no issue concerning the board's statutory duties pursuant to Education Law § 2510 was before the arbitrator. The petitioner's pursuance of contract arbitration as an alternative remedy was separate and distinct from the statutory grounds upon which she presently seeks relief and the arbitration did not serve to toll or extend the limitations period applicable to the instant proceeding *(see, Matter of Queensborough Community Coll. v State Human Rights Appeal Bd.,* 41 NY2d 926; *Matter of Jones v McGuire,* 92 AD2d 788; *Pizzardi v Smithtown Cent. School Dist.,* 90 AD2d 540). Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.