■ In the Matter of WATERSIDE ASSOCIATES et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the appellants New York State Department of Environmental Conservation and Commissioner Henry G. Williams (hereinafter referred to jointly as the DEC) to process the petitioner's State Pollution Discharge Elimination System (hereinafter SPDES) permit, the appeal is from a judgment of the Supreme Court, Rich-

mond County (Kuffner, J.), dated February 10, 1986, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

The record reveals that in January 1982 engineers for the petitioner Butler Manor Associates (hereinafter Butler), alleged owner of a certain parcel of real property in question located in Richmond County, sent a letter to the DEC stating that development of the property was being planned and inquiring whether and to what extent the parcel consisted of wetlands. In February 1982 the engineers received a letter from the regional permit administrator which indicated that the subject property contained one freshwater wetland area and one tidal wetlands area. In December 1983 Butler allegedly entered into a contract for the sale of the parcel to the petitioner County Closing Corp. which in turn agreed to assign the contract of sale to the petitioner Waterside Associates (hereinafter Waterside). It is undisputed that in December 1984 the petitioners' consultants invited a senior environmental analyst of the DEC to inspect the property, although the reason for the inspection is unclear. On his December inspection of the property, and on two subsequent visits made in January 1985, the analyst discovered additional areas of the parcel which he considered to be freshwater wetlands. On these occasions, he informed the petitioners' consultant and engineer that he would designate these areas as wetlands and propose them for mapping pursuant to the Freshwater Wetlands Act.

On January 11, 1985, Waterside submitted an application to the DEC for a SPDES permit in order to construct a sewage treatment plant on the subject property. The cover letter which accompanied the application indicated, *inter alia,* that Waterside intended to develop 625 housing units on the parcel and expand the development to 1,000 units at a later date. However, Waterside did not submit any application for freshwater wetlands permits. By a response dated January 28, 1985, the DEC informed Waterside that the SPDES permit application would be considered incomplete pending the continued mapping of freshwater wetlands at the project site.

The petitioners then commenced the instant proceeding by service of a petition dated October 10, 1985, alleging that the 1982 letter from the DEC's regional permit administrator, insofar as it identified only two wetlands areas on the parcel, was a negative answer under ECL 24-0703 (5) with respect to

the remainder of the subject property. The petition further alleged that the letter constituted an "absolute defense" pursuant to the aforementioned statute to the DEC's attempted enforcement of the Freshwater Wetlands Act as to the remaining portion of the parcel. The petition sought a "declaratory judgment" that the DEC was bound by the 1982 letter, that it be prohibited from conducting any activity pursuant to the Freshwater Wetlands Act or attempting to enforce any provision of said act with respect to the property, and that it be compelled to process Waterside's SPDES permit application. In its answer, the DEC disagreed with the petitioners' characterization of the 1982 letter and with its interpretation of ECL 24-0703 (5). The DEC also raised the affirmative defense that the proceeding was untimely under CPLR 217. The Supreme Court, Richmond County, resolved the proceeding in the petitioners' favor on the merits without discussing the Statute of Limitations defense. We conclude that the proceeding is time barred; hence we now reverse and dismiss.

Although the instant petition describes the relief sought as a declaratory judgment, the petitioners concede that this proceeding is actually in the nature of mandamus to compel the DEC to follow its statutory duty of refraining from all activity pursuant to the Freshwater Wetlands Act with respect to the subject property. Thus, it is clear that the four-month Statute of Limitations embodied in CPLR 217 is applicable (see generally, Lenihan v City of New York, 58 NY2d 679; Press v County of Monroe, 50 NY2d 695; Solnick v Whalen, 49 NY2d 224). In a proceeding to compel compliance with a statutory duty, the limitations period commences to run from the date upon which the officer or body refuses to honor a demand for such compliance (see, CPLR 217; Matter of De Milio v Borghard, 55 NY2d 216; Matter of Dionisio v Board of Educ., 118 AD2d 854).

The only document in the present record which could conceivably be construed as such a demand is Waterside's SPDES permit application, which indicated that extensive development of the property was planned and sought permission to construct a sewage treatment plant. Waterside requested issuance of the permit without any regard for the provisions of the Freshwater Wetlands Act, and did not seek any construction permits in accordance with the act even though its representatives were aware that the DEC was continuing to inspect and map additional wetlands located on the property and that these activities would interfere with the application process. Hence, the application may reasonably be said to

have constituted a demand that the DEC issue the desired permit without applying any portion of the act to the property. Viewed in this light, the DEC's response of January 28, 1985, while not an outright refusal by the DEC to process the application, nevertheless constituted an unequivocal refusal to follow its alleged statutory duty under ECL 24-0703 (5) to refrain from regulating the subject parcel under ECL article 24. This refusal clearly aggrieved Waterside by delaying the processing of its application and informed Waterside that the DEC would continue to inspect and map additional wetlands on the property, thereby refusing to perform an alleged duty enjoined by law *(see, Austin v Board of Higher Educ.,* 5 NY2d 430). Pursuant to this analysis, the petitioners were required to commence the instant proceeding to compel within four months of the DEC's response. Since the proceeding was not commenced until nearly nine months after the response, the proceeding is clearly untimely. The vague claim by the petitioners that they attempted to negotiate a settlement of the dispute with the DEC prior to commencing the proceeding does not serve to toll or extend the limitations period *(see, Gertler v Goodgold,* 66 NY2d 946; *Matter of Lubin v Board of Educ.,* 60 NY2d 974, *rearg denied* 61 NY2d 905, and 62 NY2d 803, *cert denied* 469 US 823; *Matter of De Milio v Borghard, supra),* nor do we find persuasive their contention that the instant proceeding is timely because the DEC's actions constitute a continuing wrong *(see, e.g., Matter of Central School Dist. No. 2 v New York State Teachers' Retirement Sys.,* 27 AD2d 265, *affd* 23 NY2d 213; *Matter of Kleinman v Kaplan,* 20 AD2d 594).

The petitioners request that we treat the petition itself as the demand and the DEC's answer as the requisite refusal for purposes of reviewing the limitations issue *(see, e.g., Matter of Kaye v Board of Educ.,* 97 AD2d 794; *Community Bd. No. 3 v State of New York, Off. of Mental Retardation & Developmental Disabilities,* 76 AD2d 851, *appeal dismissed* 53 NY2d 839). However, were we to employ such reasoning, the argument would be unavailing to the petitioners because the instant proceeding would be untimely since they engaged in an unreasonably protracted delay. Indeed, the petitioners knew that the DEC was acting in alleged contravention of ECL 24-0703 (5) in December 1984 and any possible doubt concerning this issue was obviously clarified by the DEC's response to the permit application in January 1985. Hence, if the instant petition is treated as the demand, then the ineluctable conclusion upon this record is that the petitioners engaged in an

unreasonably protracted delay of over nine months in making the demand *(see, e.g., Pizzardi v Smithtown Cent. School Dist. No. 1,* 90 AD2d 540; *Matter of Burke v Village of Johnson City,* 36 AD2d 202, *affd* 29 NY2d 846; *Matter of Tilt v Krone,* 31 AD2d 561; *Matter of Devens v Gokey,* 12 AD2d 135, *affd* 10 NY2d 898), and the issue of prejudice to the DEC is irrelevant *(see, Matter of Curtis v Board of Educ.,* 107 AD2d 445; *Matter of Barbolini v Connelie,* 68 AD2d 949, *appeal dismissed* 47 NY2d 1011). Hence, dismissal of the proceeding is required. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.