■ In the Matter of BEATRICE DIONISIO, Appellant, v BOARD OF EDUCATION OF THE MAHOPAC CENTRAL SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Board of Education of the Mahopac Central School District to reinstate the petitioner to a teaching position, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated June 3, 1985, which dismissed the proceeding.

■ In the Matter of BEATRICE DIONISIO, Appellant, v BOARD OF EDUCATION OF THE MAHOPAC CENTRAL SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Board of Education of the Mahopac Central School District to reinstate the petitioner to a full-time teaching position, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Beisheim, J.), entered March 13, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs to the Board of Education of the Mahopac Central School District.

Effective June 30, 1981, the petitioner's position as an elementary school teacher was abolished and her services were terminated. Thereafter, she was placed on a preferred eligible list pursuant to Education Law § 2510. By letter dated April 18, 1984, the petitioner requested to be reinstated, claiming that the respondent Board had improperly terminated her services, and had illegally retained teachers with less seniority than herself. After the petitioner's request was

denied on April 25, 1984, she commenced the instant proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Board to reinstate her to a full-time teaching position, nunc pro tunc, as of June 30, 1981.

The proceeding was properly dismissed. The petitioner's claims relating to the termination of her services in June 1981, which are in the nature of mandamus to review, are barred by the four-month Statute of Limitations *(see, Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of Kaye v Board of Educ.,* 97 AD2d 794; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.02; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C217:1).

The petitioner's remaining claims as to the respondent Board's refusal to reinstate her are barred by the doctrine of laches. The evidence indicates that the petitioner delayed in demanding reinstatement until almost three years after the termination of her services, despite the fact that she was represented by counsel in connection with other nonrelated litigation with the school board during much of this time. Further, at the time her services were terminated, the petitioner knew of the respondent Derwin-Friedman's and the respondent Wilbert's retention by the school district, and that those respondents had been appointed as teachers only after she (the petitioner) was assigned to the elementary tenure area. Despite this knowledge, the petitioner did nothing to assert her legal rights or question these retentions until February 1984. Furthermore, the petitioner's claimed lack of knowledge as to her rights is asserted despite case law predating her layoff which indicates that an excessed teacher seeking reappointment under Education Law § 2510 (3) need not be tenured in the area of the vacant position. A teacher seeking reinstatement under Education Law § 2510 (3) need only show that the vacant position is similar to the teacher's former position, that the teacher is legally qualified to teach in the position sought, and that the teacher has seniority in the district *(see, Matter of Leggio v Oglesby,* 69 AD2d 446; *see also, Matter of Cole v Board of Educ.,* 90 AD2d 419, *affd* 60 NY2d 941). The petitioner, having shown no valid excuse for her delay in demanding reinstatement, is guilty of laches *(see, Austin v Board of Higher Educ.,* 5 NY2d 430; *Matter of Burke v Village of Johnson City,* 36 AD2d 202, *affd* 29 NY2d 846; *Matter of Gargiul v Board of Educ.,* 54 AD2d 1085, *lv denied* 41 NY2d 802; *Matter of Tilt v Krone,* 31 AD2d 561). Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.