■ In the Matter of ANDREA GLADDING, Appellant, v BOARD OF EDUCATION OF THE KINGS PARK CENTRAL SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the Kings Park Central School District to appoint the petitioner to a full-time position as an elementary teacher in its employ and for related relief, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated May 20, 1986, which, upon the respondent's motion, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, and the petition is granted to the extent that the Board of Education of the respondent is directed to provide the petitioner with status as a regular full-time elementary school teacher with all related benefits and back pay of holding such a full-time position as an elementary school teacher for the period from September 1, 1985 until December 16, 1985, less the amount of any outside earnings she received during that period; and it is further,

Ordered that the caption is amended to substitute "Board of Education of the Kings Park Central School District" in place of "Kings Park Central School District".

The petitioner, who had been a tenured elementary teacher since 1973, lost her job in June 1984 when her position was eliminated due to cuts in staff. In accordance with Education

Law § 2510 (3), the petitioner's name was placed on a "preferred eligible list", entitling her to reinstatement in the event that a "vacancy" occurred "in an office or position similar to the one which [she previously] filled". As a "preferred eligible", the petitioner had a right to be appointed to fill the next available "vacancy", provided that there were no other teachers on the "preferred eligible list" with similar teaching experience who had greater "length of service in the system" prior to having been discharged (see, Education Law § 2510 [3]).

The petitioner worked as a per annum substitute teacher during the 1984-1985 school year. Per annum substitute teachers are teachers serving for tenured teachers who are on leaves of absence. Per annum substitutes receive no seniority credit from the respondent for their substitute service. In the summer of 1985, the petitioner refused an offer of a per annum substitute position for the 1985-1986 school year. In November 1985 the respondent's administrative assistant to the superintendent for personnel discovered that there were three elementary teacher position vacancies which had been available since September. In November, two of those positions were filled by teachers who had greater length of service than the petitioner and who were employed as per annum substitute teachers for the 1985-1986 school year. Those two appointees were granted regular teacher status retroactive to September 1, 1985, with the attendant full salary, benefits and seniority. The petitioner was the next eligible teacher on the "preferred eligible list". Based on the petitioner's refusal of the per annum substitute position for that school year, it was "concluded that [the petitioner] had no desire to accept a teaching position with the District for the 1985-86 school year, whether as a regularly employed teacher or per annum substitute teacher". She was not offered the third available vacant teacher position.

The petitioner served a notice of claim on November 27, 1985 because "she [was] not properly recalled based on her seniority and tenure area in the Kings Park [Central] School District". She was offered a position effective December 16, 1985. On or about February 28, 1986, the petitioner commenced the instant proceeding by serving a notice of petition and verified petition upon the Kings Park Central School District. The Supreme Court dismissed the proceeding for the petitioner's failure to name the Board of Education of the Kings Park Central School District as "a necessary and indis-

pensable party" and also found that the four-month Statute of Limitations (CPLR 217) had begun to run either from the date that the petitioner was offered a per annum substitute position in May 1985 or from July 2, 1985, the date of the notice of the Board of Education of the Kings Park Central School District naming its appointments for per annum substitute teachers for the subsequent school year. These determinations were erroneous.

The respondent admits that it discovered in November 1985 that three vacancies were available. The earliest action taken by the petitioner that could legally be deemed a demand that the district perform its statutory duty to reappoint her to a full-time position was her notice of claim filed November 27, 1985. As such, the petitioner's cause of action accrued "after the respondent's refusal, upon the demand of the petitioner * * * to perform its duty" (CPLR 217). Therefore, this proceeding to compel appointment to a regular full-time tenured position was timely commenced (CPLR 217; *Matter of Kaye v Board of Educ.*, 97 AD2d 794; *Matter of Piaggone v Board of Educ.*, 92 AD2d 106).

It is clear that three vacancies existed in September and that, upon discovery of their existence, two teachers were reappointed retroactive to September 1, 1985. The petitioner had a statutory right to the third available vacancy as of September 1, 1985, and she must be reinstated to her position in the district, with back pay from September 1, 1985, until the date she was reinstated, December 16, 1985, less the amount of any outside earnings she received during that period *(see, Matter of Lezette v Board of Educ.*, 35 NY2d 272, 283; *Matter of McPhillips*, 13 Ed Dept Rep 95; *Matter of Gumpert*, 10 Ed Dept Rep 77, 78-79). The respondent's claim that the petitioner did not accept a per annum substitute position and she is not entitled to back pay is without merit. Such a position is not a "vacancy" contemplated by Education Law § 2510 *(see, Matter of Brewer v Board of Educ.*, 51 NY2d 855) which the petitioner was obligated to accept.

The petitioner commenced this proceeding by naming the Kings Park Central School District rather than its Board of Education as the party respondent. Under the circumstances herein, we find that service was effected upon the Board of Education under a misnomer. As the Board was fairly apprised that it was the intended party, jurisdiction was obtained over it *(see, Gajdos v Haughton Elevator*, 131 AD2d

428). Mollen, P. J. Lawrence, Kunzeman and Harwood, JJ., concur.