■ In the Matter of ANN MUTSCHLER, Respondent, v BOARD OF EDUCATION OF THE WILLIAM FLOYD UNION FREE SCHOOL DISTRICT et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to pay the petitioner her salary for a 60-day period, the appeal, as limited by the notice of appeal and brief, is from so much of a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated January 22, 1990, as directed the appellant to pay the petitioner for a specified 30-day period.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner, hired in 1986 as a probationary science teacher, was advised in May 1988 that she would not be recommended for continued employment. The petitioner was afforded an opportunity to address the respondent Wayne Williams, superintendent of schools, orally *(cf.,* Education Law § 3031) but was formally advised by letter dated September 1,

1988, that she was dismissed pursuant to a resolution adopted August 22, 1988. Notwithstanding the statutory requirement that the respondents give her at least 30 days written notice of her discharge *(see,* Education Law § 3019-a), the letter provided that the petitioner's dismissal was "effective immediately". Ninety days later, on or about November 30, 1988, the petitioner, citing Education Law § 3031, served a "Notice of Claim" *(see,* Education Law § 3813), asserting that her services were improperly terminated "in that the [respondents] failed to give her requisite notice", and demanded salary and benefits.

On or about February 1, 1989, five months after the designated effective date of her discharge and approximately two months after service of the notice of claim, the petitioner commenced the instant proceeding seeking 60 days salary pursuant to Education Law §§ 3019-a and 3031. The appeal is from so much of a judgment as awarded the petitioner 30 days pay. The appellants contend that this proceeding is untimely.

Since this is not a proceeding to review the reasons for the petitioner's discharge, the four-month Statute of Limitations which runs from the stated effective date of discharge *(see,* CPLR 217; *see also, Matter of Rappo v City of N.Y. Human Resources Admin.,* 120 AD2d 339) does not bar the petitioner's claim *(cf., Matter of Zunic v Nyquist,* 48 AD2d 378, *affd* 40 NY2d 962). The respondents characterize this proceeding as one in the nature of mandamus to compel, for which no notice of claim is required *(see,* Education Law § 3813; *Matter of Piaggone v Board of Educ.,* 92 AD2d 106, 108). They assert, however, that the proceeding is barred because there was no timely demand that they perform their statutory duty. We disagree.

Assuming this proceeding cannot be characterized as one at law governed by a Statute of Limitations longer than four months *(see,* Education Law § 3813 [2-b]; *cf., Todd v Board of Educ.,* 272 App Div 618, *affd* 297 NY 873; *cf.,* CPLR 103), we regard the notice of claim as an adequate demand for performance of a governmental duty so as to set the stage for a proceeding in the nature of mandamus to compel *(cf., Matter of Piaggone v Board of Educ., supra; see also, Matter of Gladding v Board of Educ.,* 136 AD2d 636, 638). Since the petitioner commenced this proceeding within two months of that "demand", the matter is timely *(cf.,* CPLR 217). Moreover, even if that demand were an inadequate one for mandamus purposes, commencement of the proceeding itself constituted a demand *(cf., Matter of Kaye v Board of Educ.,* 97

AD2d 794), and we cannot say that the petitioner unduly delayed interposing the demand so as to be guilty of laches. Accordingly, the judgment is affirmed insofar as appealed from. Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.