■ In the Matter of DUNCAN MACRAE et al., Appellants, v JOHN M. DOLCE et al., Respondents. [671 NYS2d 530] —In a hybrid proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from requiring the petitioners to perform out-of-title work, and an action for a judgment declaring that the respondents' policy of assigning fire fighters to perform the duties of fire lieutenants violates the New York Constitution, article V, § 6 and Civil Service Law § 61 (2), the petitioners appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered July 23, 1996, which dismissed the petition for failure to exhaust administrative remedies.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith, including the entry of an appropriate declaration.

The petitioners commenced this hybrid proceeding and action, *inter alia,* pursuant to CPLR article 78 in November 1994,

alleging that the respondent City of White Plains assigned certain of its fire fighters to perform out-of-title work in violation of New York Constitution, article V, § 6 and Civil Service Law § 61 (2). The respondents argued, *inter alia*, that the petitioners had failed to exhaust their administrative remedies as required by the parties' collective bargaining agreement and that, in any event, they had failed to timely commence the proceeding. The Supreme Court denied the petition, finding that the petitioners had failed to exhaust their administrative remedies as required by their collective bargaining agreement. We reverse.

"It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations" (*Slamow v Delcol,* 174 AD2d 725, 726, *affd* 79 NY2d 1016; *Weisberger v Goldstein,* 242 AD2d 622; *W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162-163; *Mazzola v County of Suffolk,* 143 AD2d 734, 735). A court may not, under the guise of construction, write into a contract conditions which were not included by the parties, nor may it construe the language of a contract so as to distort the contract's apparent meaning (*see, Slamow v Delcol, supra,* at 727; *Tantleff v Truscelli,* 110 AD2d 240, 244, *affd* 69 NY2d 769). The words and the phrases used in an agreement must be given their plain meaning (*see, Laba v Carey,* 29 NY2d 302, 308; *Levine v Shell Oil Co.,* 28 NY2d 205, 212-213).

Here, the petitioners claim that the respondents regularly assign fire fighters to perform the supervisory and other duties of fire lieutenants. The determination of the Supreme Court that the petitioners failed to exhaust their administrative remedies prior to the commencement of this proceeding is based upon the premise that the petitioners were required to grieve and arbitrate their claim under the prefatory sentence to Article xviii of the parties' collective bargaining agreement, entitled "MAJOR MAINTENANCE WORK". This provision states, in pertinent part, that "[n]o Fire Fighter shall be ordered or required to perform outside of his job description except in an emergency situation". However, the prefatory sentence of that Article solely concerns the performance of major maintenance work by fire fighters, and was not intended to cover the petitioners' claim that fire fighters are regularly required to perform the duties of fire lieutenants. That claim is outside the scope of the grievance procedure delineated in the collective bargaining agreement, and the petitioners were not required to proceed to arbitration before bringing the instant proceeding.

Moreover, this proceeding is not barred by the four-month Statute of Limitations (CPLR 217 [1]; *see, Matter of Meegan v Griffin,* 161 AD2d 1143), and the petitioners are not guilty of laches.

We note that since this is, in part, a declaratory judgment action, the judgment must contain an appropriate declaration (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Pizzuto, J. P., Joy, Friedmann and Florio, JJ., concur.