# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1110.1**
**CA 13-00109**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF LAURA SPEIS,
PETITIONER-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

PENFIELD CENTRAL SCHOOLS,
RESPONDENT-RESPONDENT-APPELLANT.

---

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD LLP, ROCHESTER (MICHAEL
T. HARREN OF COUNSEL), FOR PETITIONER-APPELLANT-RESPONDENT.

FERRARA, FIORENZA, LARRISON, BARRETT & REITZ, P.C., EAST SYRACUSE
(CHARLES E. SYMONS OF COUNSEL), FOR RESPONDENT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from a judgment (denominated decision and order) of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered April 4, 2012 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the motion of respondent to dismiss the petition.

It is hereby ORDERED that said cross appeal is unanimously dismissed, the judgment is reversed on the law without costs, the motion is denied, the petition is reinstated, respondent is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, reinstatement of her employment with respondent together with certain backpay. Prior to commencing this proceeding, petitioner had been employed by respondent as a teacher until 2005, when her position was abolished. Pursuant to Education Law § 3013 (3) (a), petitioner was placed on a "preferred eligible list of candidates for appointment to a vacancy . . . that may thereafter occur in an office or position similar to the one which [petitioner] filled." In her petition, petitioner alleged that such a vacancy occurred in 2008 and that respondent failed to inform her of that vacancy. According to petitioner, it was not until August 2011 that she learned that respondent had hired a third party to fill the position without first offering it to teachers on the preferred list. Consequently, petitioner commenced this proceeding in December 2011. Thereafter, respondent made a pre-answer motion seeking, inter alia, dismissal of the petition pursuant to CPLR 7804 (f) on the ground that the relief requested was barred by the doctrine of laches. Petitioner cross-moved to amend the petition to add a necessary party and for

leave to file a late notice of claim, if required.  Supreme Court granted respondent's motion to dismiss on the ground that petitioner's three-year delay in bringing this proceeding after respondent hired the third party was unreasonable and therefore the doctrine of laches barred this proceeding.  The court further denied as moot petitioner's cross motion.  Petitioner appeals, and respondent cross-appeals.

We agree with petitioner on her appeal that the court erred in granting respondent's motion on the ground that this proceeding is barred by the doctrine of laches (*see generally Austin v Board of Higher Educ. of City of N.Y.*, 5 NY2d 430, 442; *Matter of Kaye v Board of Ed., Merrick Union Free Sch. Dist.*, 97 AD2d 794, 794-795).  "Where the aggrieved party is a wrongfully terminated permanent civil service employee seeking reinstatement, his [or her] remedy is by way of mandamus to compel the performance of a ministerial act enjoined by law" (*Matter of Curtis v Board of Educ. of Lafayette Cent. Sch. Dist.*, 107 AD2d 445, 447).  Inasmuch as this proceeding is in the nature of mandamus to compel, it was required to have been commenced "within four months after the refusal by respondent, upon the demand of petitioner, to perform its duty" (*Matter of Densmore v Altmar-Parish-Williamstown Cent. Sch. Dist.*, 265 AD2d 838, 839, *lv denied* 94 NY2d 758; *see* CPLR 217 [1]).  "[A] petitioner[, however,] may not delay in making a demand in order to indefinitely postpone the time within which to institute the proceeding.  The petitioner must make his or her demand within a reasonable time after the right to make it occurs, or after the petitioner knows or should know of the facts which give him or her a clear right to relief, or else, the petitioner's claim can be barred by the doctrine of laches" (*Matter of Barresi v County of Suffolk*, 72 AD3d 1076, 1076, *lv denied* 15 NY3d 705; *see Matter of Devens v Gokey*, 12 AD2d 135, 136-137, *affd* 10 NY2d 898; *Matter of Chevron U.S.A. Inc. v Commissioner of Envtl. Conservation*, 86 AD3d 838, 840; *Curtis*, 107 AD2d at 447-448).

Here, petitioner made her demand upon respondent no later than December 23, 2011, upon her filing of the petition, which "may be construed as the demand" (*Matter of Meegan v Griffin*, 161 AD2d 1143, 1143, *lv denied* 76 NY2d 710, *rearg denied* 76 NY2d 1018; *see Matter of Thomas v Stone*, 284 AD2d 627, 628, *lv dismissed* 96 NY2d 935, *lv denied* 97 NY2d 608, *cert denied* 536 US 960).  Petitioner submitted unrefuted sworn allegations that she did not learn of the vacancy or respondent's decision to hire a third party to fill it until August 2011.  Thus, August 2011 was the earliest time that petitioner knew or should have known of the facts that provided her with a clear right to relief (*see generally Chevron U.S.A. Inc.*, 86 AD3d at 840; *Barresi*, 72 AD3d at 1076).  Petitioner thereafter made her demand upon respondent by filing the petition in December 2011.  We conclude that, under the circumstances presented here, petitioner's delay was not unreasonable.  Thus, the court erred in granting respondent's pre-answer motion to dismiss the petition based on the doctrine of laches.  We therefore reverse the judgment, deny respondent's motion, reinstate the petition, and grant respondent 20 days from service of the order of this Court with notice of entry to serve and file an answer; we further remit the matter to Supreme Court to determine petitioner's

cross motion.

In addition, respondent's cross appeal must be dismissed because it is not aggrieved by the judgment granting its motion (*see generally Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488). To the extent that respondent contends as an alternative ground for affirmance that petitioner was required to file a notice of claim prior to commencing this proceeding (*see id.*; *see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), we reject that contention. "A notice of claim is not a condition precedent to a special proceeding properly brought pursuant to CPLR article 78, in the nature of mandamus, seeking judicial enforcement of a legal right derived through enactment of positive law" (*Matter of Sharpe v Sturm*, 28 AD3d 777, 778-779; *see also Matter of Brunecz v City of Dunkirk Bd. of Educ.*, 23 AD3d 1126, 1127). Furthermore, because the petition may be construed as the demand, we reject respondent's contention that the proceeding was barred by the statute of limitations (*see Meegan*, 161 AD2d at 1143; *see also* CPLR 217 [1]).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court